Peter GRASSIA, Petitioner–Appellant,

v.

Charles SCULLY, Superintendent of Green Haven Correctional Facility, Respondent–Appellee.

Docket No. 131, 89–2157.

United States Court of Appeals, Second Circuit.

Argued Sept. 13, 1989.
Decided Dec. 8, 1989.

Philip L. Weinstein, New York City (Murray E. Singer, The Legal Aid Soc., of counsel), for petitioner-appellant.

Gary Fidel, Asst. Dist. Atty., New York City (John J. Santucci, Dist. Atty., Queens County, Kew Gardens, of counsel), for respondent-appellee.

Before WINTER, MINER and ALTIMARI, Circuit Judges.

ALTIMARI, Circuit Judge:

Petitioner-appellant Peter Grassia appeals from a judgment entered in the United States District Court for the Southern District of New York (Kenneth Conboy, Judge), denying his petition for a writ of habeas corpus. Grassia asserts that his attorney induced his plea of guilty to second degree murder through fraud and misrepresentation, thereby depriving him of his constitutional right to the effective assistance of counsel. The matter was referred to Magistrate Kathleen A. Roberts, pursuant to 28 U.S.C. § 636(b)(1)(B) (1982), who conducted an evidentiary hearing and recommended to the district court that the habeas petition be granted. After reviewing the record of the magistrate's evidentiary hearing and conducting a supplemental evidentiary hearing, the district court denied Grassia's petition. 28 U.S.C. § 636(b)(1) (1982). The district court found that Grassia had failed to establish that, but for the alleged fraud and misrepresentation, Grassia would not have pled guilty.

On appeal, Grassia contends that the district court erred by not showing greater deference to the magistrate's recommendation. Specifically, Grassia argues that the magistrate's factual conclusions, based on the live testimony of five witnesses, merit greater deference than those reached by the district court, which reviewed the record of the magistrate's hearing and heard live testimony from only two witnesses. For the reasons set forth below, we affirm the judgment of the district court.

## BACKGROUND

A Queens, New York grand jury indicted Grassia for second degree murder and arson, charging that he acted as a look-out while a co-defendant sprayed a subway token booth with gasoline. The gasoline ignited, resulting in the deaths of two clerks inside the token booth. On November 5, 1979, upon advice of counsel, Grassia pled guilty to one count of second degree murder before Justice Bernard Dubin of the New York Supreme Court. Before accepting Grassia's guilty plea, Justice Dubin conducted an extensive allocution which included Grassia's acknowledgement that his plea would result in a sentence of from fifteen years to life imprisonment and that no other promises had been made to him. Grassia was subsequently sentenced to 15 years to life in prison.

In May 1986, having previously exhausted all state remedies, Grassia filed a petition for a writ of habeas corpus in the district court, claiming violation of his constitutional right to the effective assistance of counsel. Grassia asserted that his attorney, Anthony Sparacio, had misrepresented to him that he would be released from prison on a work release program after serving only 5 years of his 15 years to life sentence, misinformed him that co-defendant William Prout could not testify on Grassia's behalf, and misled him to believe

that his family no longer supported his decision to stand trial. In addition, Grassia claimed that Sparacio dissuaded him from withdrawing his guilty plea at the sentencing proceeding by misinforming him that it was not possible for the court to vacate the guilty plea and that the early work release agreement would be cancelled if it became publicly known.

District Judge Edward Weinfeld referred the matter to Magistrate Roberts. The magistrate conducted a two-day evidentiary hearing at which she heard testimony from Grassia, Sparacio, Grassia's mother Florence Grassia, Father Walter Mitchell, and the attorney of co-defendant Prout. The magistrate recommended that Grassia's petition for a writ of habeas corpus be granted. An assessment of the witnesses' credibility was necessary to resolve the "central [evidentiary] conflict" concerning "Sparacio's statements to petitioner regarding the availability of work release." The magistrate considered Grassia to be a "highly credible witness" who was "thoughtful and forthright in answering questions" during the evidentiary hearing. In contrast, she assessed Sparacio's testimony at the hearing as "uncorroborated, inconsistent, and illogical." Based on the testimony, the magistrate concluded that Grassia had been deprived of his constitutional right to the effective assistance of counsel and recommended that the district court grant his petition for a writ of habeas corpus.

After reviewing the record of the magistrate's evidentiary hearing, District Judge Kenneth Conboy, to whom the matter had been assigned, conducted a supplemental evidentiary hearing. The focus of the supplemental hearing was whether Sparacio had prevented Grassia from raising the subject of work release during the state court sentencing proceeding. On the basis of live testimony from Grassia and Sparacio and its review of the magistrate's evidentiary hearing, the district court found that Grassia had not been prevented from raising the work release issue at the sentencing proceeding. In addition, Grassia's credibility was "fatally impeached" by his

testimony at the supplemental evidentiary hearing, while Sparacio's testimony was found to be candid, objective and reliable. In particular, Judge Conboy found Sparacio's testimony that he had not guaranteed Grassia's early work release "wholly convincing," despite Sparacio's admitted mistake regarding when Grassia could apply for work release.

The court further found that the guilty pleas of Grassia's two co-defendants, not Sparacio's misstatements concerning when Grassia would be eligible for early work release, caused Grassia to plead guilty. In its view, "petitioner pleaded guilty because he concluded he could not win at trial" and, consequently, Grassia failed to establish the element of prejudice required by *Hill v. Lockhart*, 474 U.S. 52, 57–59, 106 S.Ct. 366, 369–71, 88 L.Ed.2d 203 (1985). Accordingly, the district court denied Grassia's petition for a writ of habeas corpus.

## DISCUSSION

■ On this appeal, Grassia contends that the district court's rejection of the magistrate's recommendation to grant the petition for a writ of habeas corpus was improper because it failed to hear live testimony from each of the witnesses that appeared before the magistrate. We disagree.

The Federal Magistrate Act permits a district court to

designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court ... of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement. 28 U.S.C. § 636(b)(1)(B) (1982).

Pursuant to this section, a district court may refer a petition for a writ of habeas corpus to a magistrate, who then prepares a Report and Recommendation for the district court.[1] *See Collins v. Foreman*, 729

---

1. Section 636(b)(1)(B) was a legislative reversal      of *Wingo v. Wedding*, 418 U.S. 461, 470, 94 S.Ct.

F.2d 108, 112 (2d Cir.), *cert. denied,* 469 U.S. 870, 105 S.Ct. 218, 83 L.Ed.2d 148 (1984).

▮ Recommendations made by a magistrate pursuant to section 636(b)(1)(B) need not be automatically accepted by the district court. Should either party object to the magistrate's recommendation, section 636(b)(1) provides that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Even if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1). *See Mathews v. Weber,* 423 U.S. 261, 271, 96 S.Ct. 549, 555, 46 L.Ed.2d 483 (1976); *McCarthy v. Manson,* 714 F.2d 234, 237 n. 2 (2d Cir.1983).

Thus, the statutory language of section 636(b)(1) affords the district court broad latitude in considering the magistrate's recommendation. Moreover, the phrase de novo *determination* in section 636(b)(1), as opposed to de novo *hearing,* was selected by Congress "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 2412, 65 L.Ed.2d 424 (1980). Section 636 does not require the district court "to rehear the contested testimony in order to carry out the statutory command to make the required 'determination.'" *Id.* at 674, 100 S.Ct. at 2411. Clearly, the district court was well within its statutorily authorized discretion in conducting a supplemental evidentiary hearing and, on the basis of that hearing, rejecting the magistrate's recommendation. 28 U.S.C. § 636(b)(1).

Grassia asserts, to the contrary, that our decision in *Roman v. Abrams,* 822 F.2d 214, 228 (2d Cir.1987), *cert. denied,* —— U.S. ——, 109 S.Ct. 1311, 103 L.Ed.2d 580 (1989), supports the view that the magistrate's recommendation was entitled to greater deference than given by the district court. In *Roman,* we held that the factual conclusions of a district court that actually viewed the demeanor of the witness are entitled to greater deference than the factual conclusions reached by another district court that did not conduct an evidentiary hearing. However, application of *Roman* to the present circumstance would directly contradict the express language of the Federal Magistrate Act. 28 U.S.C. § 636(b)(1). Unlike the parity that exists between district courts, magistrates serve as adjuncts to the district courts and the degree of deference given magistrate's recommendations is subject to the district court's discretion. *Raddatz,* 447 U.S. at 676, 683, 100 S.Ct. at 2406, 2416. Moreover, the district court heard live testimony from Grassia and Sparacio, thereby indicating its sensitivity "to the problems of making credibility determinations on the cold record." *Id.* at 679, 100 S.Ct. at 2414.

Had the district court rejected the magistrate's conclusions regarding the credibility of the central witnesses without hearing live testimony from those witnesses, troubling questions of constitutional due process would have been raised. In *Raddatz,* the Supreme Court held that a district judge may accept a magistrate's recommendation without actually hearing the contested testimony. However, the Court stated:

> The issue is not before us, but we assume it is unlikely that a district judge would *reject* a magistrate's proposed findings on credibility when those findings are dispositive and substitute the judge's own appraisal; to do so without seeing and hearing the witness or witnesses whose credibility is in question

2842, 2848, 41 L.Ed.2d 879 (1974), which held that magistrates were not authorized under the Federal Magistrate Act to conduct habeas corpus evidentiary hearings. H.R.Rep. No. 1609,

94th Cong., 2d Sess. 5, *reprinted in* 1976 U.S. Code Cong. & Admin.News 6162, 6164–65. *See also United States v. Raddatz,* 447 U.S. 667, 674, 100 S.Ct. 2406, 2411, 65 L.Ed.2d 424 (1980).

could well give rise to serious questions which we do not reach.

*Raddatz,* 447 U.S. at 681 n. 7, 100 S.Ct. at 2415 n. 7 (emphasis in original). When the constitutional rights of a criminal defendant are involved, "the district judge should not enter an order inconsistent with the credibility choices made by the magistrate without personally hearing the live testimony of the witnesses whose testimony is determinative." *Louis v. Blackburn,* 630 F.2d 1105, 1109 (5th Cir.1980); *see United States v. Marshall,* 609 F.2d 152, 155 (5th Cir.1980). In the present case, however, the district court heard live testimony from Grassia and Sparacio, providing the district court an adequate basis on which to reject the magistrate's credibility findings. *See Blackburn,* 630 F.2d at 1110.

The factual determinations of the district court, including those credibility findings which depart from the magistrate's conclusions, are the product of careful consideration of the record of the magistrate's evidentiary hearing and the testimony offered during the district court's supplemental evidentiary hearing. The district court's findings are not clearly erroneous and, accordingly, will not be disturbed. *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511–12, 84 L.Ed.2d 518 (1985).

## CONCLUSION

We have examined each of Grassia's remaining arguments and find them to be without merit. In light of the foregoing, we affirm the judgment of the district court.