**Thernell SMITH, Plaintiff,**

**v.**

**Paul N. MARCELLUS, Sergeant, Defendant.**

93–CV–423S.

United States District Court, W.D. New York.

May 10, 1995.

Alan Birnholz, Amherst, New York, for Plaintiff.

Cherie L. Peterson, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, Buffalo, New York, for Defendant Paul N. Marcellus.

## DECISION AND ORDER

SKRETNY, District Judge.

### INTRODUCTION

Presently before this Court are the objections of Sergeant Paul Marcellus ("defendant") to the Report and Recommendation of the Hon. Carol E. Heckman, United States Magistrate Judge for the Western District of New York, recommending that this Court deny defendant's motion for summary judgment dismissing plaintiff's complaint.

On January 6, 1995, this Court entered a Referral Order referring all dispositive motions to Magistrate Judge Heckman for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Defendant filed a motion for summary judgment on January 17, 1995. After hearing oral argument on the motion, Magistrate Judge Heckman, on February 23, 1995, filed a Report and Recommendation with respect to defendant's summary judgment motion wherein, after setting forth an analysis of the relevant legal issues, she recommended that the Court deny defendant's motions for summary judgment. Defendant promptly objected to the Magistrate Judge's recommendation to deny his motion for summary judgment on March 3, 1995. Counsel for the parties then appeared before this Court on May 8, 1995, for oral argument on defendant's objections. As such, the Report and Recommendation and the objections thereto are now ripe for this Court's consideration.

As set forth below, upon *de novo* review, this Court will accept the Report and Recommendation of the Magistrate Judge.

### DISCUSSION

 Under 28 U.S.C. § 636(b)(1)(B) a district court judge may designate a magistrate judge to submit proposed findings of fact and recommendations on dispositive motions in a pending case. The district court is not bound by the recommendation of the magistrate judge, rather it may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir.1989). However, the parties have an opportunity to object to the magistrate judge's proposed findings, and upon the filing of timely objections, the district judge must conduct a *de novo* review of the magistrate judge's Report and Recommendation "upon the record, or after additional evidence," but only as to those portions of the report and recommendation to which the party objects. *Id.;* Fed.R.Civ.P. 72(b); *see also Collins v. Foreman*, 729 F.2d 108, 112 (2d Cir.1984), *cert. denied*, 469 U.S. 870, 105 S.Ct. 218, 83 L.Ed.2d 148 (1984). The district court is not required to conduct a *de novo* hearing, but must arrive at its own independent conclusion about those portions of the magistrate judge's Report and Recommendation to which the objection is made. *East River Sav. Bank v. Secretary of Housing and Urban Dev.*, 702 F.Supp. 448 (S.D.N.Y.1988). Finally, although *de novo* review requires that the district court independently consider and arrive at its own conclusions about those portions of the magistrate judge's Report and Recommendation to which the objection is made, the district court need not specifically articulate all of its reasons for rejecting a party's objections. *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986); *United States v. Larson*, 760 F.2d 852, 857 (8th Cir.1985), *cert. denied*, 474 U.S. 849, 106 S.Ct. 143, 88 L.Ed.2d 119 (1985); *see, e.g., Niagara Mohawk Power v. Tonawanda Band*, 862 F.Supp. 995, 997–98 (W.D.N.Y.1994). It is application of these principles that guide this Court in ruling on defendant's objections to Magistrate Judge Heckman's Report and Recommendation.

Upon a *de novo* review of the Report and Recommendation, the parties' respective submissions, and the record of this case, this Court finds that Magistrate Judge Heckman's conclusion that there are factual issues which preclude the entry of summary judgment in favor of defendant is a correct one. Accordingly, this Court shall adopt the proposed findings set forth in the Report and Recommendation and deny defendant's motion for summary judgment.

### ORDER

IT HEREBY IS ORDERED, that defendant's objections to the Report and Recommendation are rejected and this Court shall

adopt the recommended findings of Magistrate Judge Heckman.

FURTHER, that defendant's motion for summary judgment is Denied.

FURTHER, that counsel for the parties shall appear before this Court on Thursday, May 25, 1995, at 9:00 a.m. in Part IV, Mahoney State Office Building, 65 Court Street, Buffalo, New York, for a status conference.

SO ORDERED.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

This case has been referred to the undersigned by Hon. William M. Skretny, to hear and report, in accordance with 28 U.S.C. § 636(b)(1)(B). Defendant Paul N. Marcellus has filed a motion for summary judgment.[1] For the reasons that follow, it is recommended that defendant's motion be denied.

### BACKGROUND

Plaintiff is an inmate at the Southport Correctional facility, maintained by the New York State Department of Correctional Services ("DOCS"). On March 19, 1993 he was being housed in "One Company" at Southport, which is the cell block area where prisoners with disciplinary problems are kept (Marcellus Deposition, p. 11, attached to Item 53). Peter Storms, a civilian worker at Southport, was in One Company distributing clothes to inmates when one of the inmates threw a bar of soap at him. Storms approached plaintiff's cell and told plaintiff he was going to write him up on disciplinary charges. Plaintiff denied that he threw the soap. He then took a cup from his desk, dipped it in the toilet and threw water from the toilet on Storms (Plaintiff's Deposition, pp. 4–5, attached to Item 53).

Storms reported the incident to Sgt. Marcellus, who was the supervising officer on duty in charge of One Company. Marcellus claims that he contacted the watch commander, Lt. Burge, who advised Marcellus to move plaintiff to D-block where the cell doors were solid and materials could not be thrown at passers-by. Marcellus went to plaintiff's cell, accompanied by officers Hicks and Hine. He informed plaintiff that he was to be moved to D-block, and ordered him to extend his hands to be cuffed. Marcellus repeated this order several times, but plaintiff refused to comply. Instead, plaintiff asked Marcellus to call a lieutenant and to record the event on video. These requests were refused (Plaintiff's Deposition, pp. 5–7; Marcellus Deposition, pp. 16–18).

Marcellus left the area, and returned shortly thereafter with two additional corrections officers. He again ordered plaintiff to step up to the cell door to receive handcuffs, and plaintiff again refused. According to Marcellus, the cell block had become "highly agitated" over the incident, and several inmates were yelling and throwing things onto the gallery floor. Marcellus then ordered plaintiff's cell to be opened. The five officers rushed into the cell, led by Officer Shaylor who pinned plaintiff against the cell wall with a plexiglass shield. Plaintiff resisted as the officers eventually wrestled him to his bed, handcuffed him, and took him to D-block.

Plaintiff claims that when the cell door opened, he was sitting on his bed. Shaylor rushed toward him with the shield and pushed him up against the wall. Officer Armstrong then got on top of him, and Officer Hicks hit him in the legs with his baton. Officer Armstrong then turned plaintiff over on his bed, and Hicks continued hitting him with his baton in the legs and in the back. He also claims that one of the officers struck him on the face with a walkie-talkie, while two others held and twisted his arms (Plaintiff's Deposition, pp. 11–15).

In D-block, Plaintiff was seen by a nurse and photographs were taken of his injuries. His medical records show that he suffered an abrasion under his left eye, a small laceration near his right ear, and four superficial skin tears on his upper calf behind the knee. His

---

**1.** The court's minutes of a pretrial conference held January 3, 1995 indicate that plaintiff has stipulated to the dismissal of all defendants except Sgt. Marcellus. As of the date of this report and recommendation, no such stipulation has been filed.

right wrist was slightly swollen (Item 53, Ex. C).

A Tier III disciplinary hearing was held on April 1, 1993. Plaintiff pled guilty to charges of assault and committing an unhygienic act with respect to the incident involving Mr. Storms. The hearing officer also found plaintiff guilty of interference with an employee, refusing a direct order, and violating a movement regulation. He was assessed a penalty of 180 days in SHU.

On May 19, 1993, plaintiff filed this action under 42 U.S.C. § 1983. After this court granted his application for appointment of counsel, an amended complaint was filed alleging that the conduct of the corrections officers constituted excessive force in violation of the eighth amendment. Defendant Marcellus now moves for summary judgment dismissing the case against him.

### DISCUSSION

### I. Summary Judgment.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 166–67 (2d Cir.1991).

A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc., supra,* 477 U.S. at 248, 106 S.Ct. at 2510; *see Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991), *cert. denied,* 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). Once the moving party has met its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to sup-

port a jury verdict in its favor, and the motion will not be defeated merely upon a "metaphysical doubt" concerning the facts, or on the basis of conjecture or surmise. *Bryant v. Maffucci, supra* (citing *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986)).

### II. Excessive Force.

The eighth amendment protects prisoners from "cruel and unusual punishment" in the form of "unnecessary and wanton infliction of pain" at the hands of prison officials. *Romano v. Howarth,* 998 F.2d 101, 104 (2d Cir.1993) (citing *Wilson v. Seiter,* 501 U.S. 294, 297, 111 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991), and *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The core inquiry for the court in assessing a prisoner's claim that prison officials used excessive force in violation of the eighth amendment is "whether force was applied in a good-faith effort to maintain or restore prison discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 6, 112 S.Ct. 995, 998, 117 L.Ed.2d 156, 166 (1992).

An inmate claiming that prison officials subjected him or her to cruel and unusual punishment by the use of excessive force has the burden of establishing both an objective and a subjective component. *Romano v. Howarth, supra,* 998 F.2d at 105. Objectively, the plaintiff must establish that the deprivation alleged is sufficiently serious or harmful enough to reach constitutional dimensions. *Id.; see also Wilson v. Seiter, supra.* This component is "contextual and responsive to 'contemporary standards of decency.'" *Hudson v. McMillian, supra,* 503 U.S. at 2, 112 S.Ct. at 996, 117 L.Ed.2d at 167 (quoting *Estelle v. Gamble, supra,* 429 U.S. at 103, 97 S.Ct. at 290). Thus, while a *de minimis* use of force will rarely suffice to state a constitutional claim, the plaintiff is not required to show that the application of force resulted in serious injury. *Id.* at 7–9, 112 S.Ct. at 999–1000, 117 L.Ed.2d at 166–67.

Subjectively, the plaintiff must show that the defendants acted wantonly.

More specifically in the context of an eighth amendment "excessive force" claim, the plaintiff must show that the defendants acted "maliciously and sadistically to cause harm...." *Id.* at 7, 112 S.Ct. at 999, 117 L.Ed.2d at 166; *Romano v. Howarth, supra,* 998 F.2d at 105. To determine whether the defendants acted maliciously, the trier of fact should consider the following factors: the extent of the plaintiff's injuries, the need for the application of force, the correlation between the need for force and the amount of force used, the threat reasonably perceived by the defendants, and any efforts made by the defendants to temper the severity of a forceful response. *Whitley v. Albers,* 475 U.S. 312, 321, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986). As stated by the Second Circuit in *Romano v. Howarth:*

> If an evaluation of these factors leads the [trier of fact] to conclude that the defendants acted maliciously, wantonness has been established. And an Eighth Amendment violation has occurred. If, on the other hand, reflection upon these factors leads the [trier of fact] to find that the defendants acted in a good-faith effort to maintain and restore discipline, no constitutional violation has occurred because the subjective component of the claim has not been satisfied.

998 F.2d at 105.

What follows is the court's evaluation of these factors in light of the pleadings, affidavits, memoranda and exhibits presented by the parties on this motion for summary judgment.

## A. The Extent of Plaintiff's Injuries.

█ Defendant does not forcefully argue that the injuries suffered by plaintiff were *de minimis,* and the medical records provide a reasonable basis for a jury to conclude that some injury occurred as a result of the incident. *See, e.g., Corselli v. Coughlin,* 842 F.2d 23, 26–27 (2d Cir.1988) (even if injuries suffered were not permanent or severe, plaintiff may still recover if force used was unreasonable and excessive); *Messina v. Mazzeo,* 854 F.Supp. 116, 133–34 (E.D.N.Y. 1994) (issue of excessive force best left for jury if plaintiff establishes that force was used and some injury was sustained).

## B. The Need for the Application of Force.

Defendant argues that as a result of plaintiff's conduct toward Mr. Storms and plaintiff's repeated refusal to be handcuffed voluntarily, the gallery was in an "agitated" state. According to defendant Marcellus, an "emergency" situation existed and force was required to remove plaintiff to a more secure area of the prison in an effort to restore discipline and order. Plaintiff responds that it was the conduct of Marcellus and those under his command that "agitated" the gallery, and that there was no need for the application of force at all.

In this case there are unresolved factual issues as to the need for the application of force under the circumstances. For example, Lt. Burge testified at his deposition that Marcellus did not inform Burge of plaintiff's refusal to leave the cell, or that an emergency situation existed on the gallery, as he was required to do under prison rules and regulations (Burge Deposition, pp. 15–16, attached to Item 56). In addition, there is evidence in the record indicating that Marcellus was reprimanded for his conduct pertaining to this incident (*see, e.g.,* Marcellus Deposition, pp. 32–34; McClellan Deposition, p. 23, attached to Item 56). This evidence could support a finding by a reasonable jury that defendant's assessment of the need for the application of force not justified by the circumstances.

█ Furthermore, the existence of an emergency security situation at the prison does not, as defendant's motion suggests, automatically justify whatever steps might have been taken to place handcuffs on plaintiff and remove him to D-block. That factor is but one of several for the trier of fact to consider in determining whether prison officials acted maliciously or in a good-faith effort to restore or maintain discipline. *See Romano v. Howarth, supra,* 998 F.2d at 106.

## C. Correlation Between the Need for Force and the Amount of Force Used.

Defendant argues that, in a good faith effort to maintain and restore discipline, the

**174**

officers "merely handcuffed [plaintiff] and then walked him to his new cell." (Item 54, p. 8). This argument fails to account for plaintiff's claim that, during the course of the officers' attempts to handcuff plaintiff, they struck him with batons and a walkie-talkie. It also ignores the evidence in the record that the officers took a running start and pinned plaintiff against the wall with a body shield, using "a lot of force" (Shaylor Deposition, p. 48, attached to Item 56), that plaintiff's head and upper body struck the wall (Hine Deposition, p. 33, attached to Item 56), and that it took between three and five minutes to subdue plaintiff and place the handcuffs on him (*id.*, p. 34). Whether the proof will establish that this type and amount of force reasonably correlates to the need for the application of force, and the weight to be accorded this factor in the *Whitley v. Albers* evaluation, are issues best left for the trier of fact. *See Messina v. Mazzeo, supra,* 854 F.Supp. at 133–34.

### D. The Threat Reasonably Perceived by Defendant.

As discussed above, there are unresolved issues of fact as to whether defendant's assessment of the situation was reasonable under the circumstances. The resolution of those issues must be left for the jury.

### E. Efforts Made by Defendant to Temper the Severity of the Response.

It is not disputed that Marcellus attempted to move plaintiff peaceably from his cell prior to making the determination that force was necessary, and that plaintiff refused to comply. However, the evidence also suggests that the response was to send in four officers with a plexiglass body shield. Again, whether this evidence establishes that Marcellus made reasonable efforts to temper the severity of the response, and the weight to be given this factor in the *Whitley* evaluation, are issues for the trier of fact.

### CONCLUSION

Accordingly, I find that defendant has failed to meet his burden on this motion of demonstrating the absence of a genuine issue of material fact as to whether excessive force was used against plaintiff on March 19, 1993.

It is therefore recommended that defendant's motion for summary judgment (Item 53) be denied.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED,** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Paterson–Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.,* 840 F.2d 985 (1st Cir.1988).

***Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.*** *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.,* 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." ***Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.***

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the plaintiff and the attorneys for the defendants.

SO ORDERED.

Dated: Buffalo, New York
February 23, 1995