David V. MORRIS, Plaintiff–Appellant,

v.

**LOCAL 804, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, United Parcel Service, Richard A. Levin, Sherri Eisenpress, Mike Demarzo, Earl R. Pfeffer, Howard C. Edelman, Defendants–Appellees.**

No. 05–0358–CV.

United States Court of Appeals, Second Circuit.

Jan. 18, 2006.

David V. Morris, East Elmhurst, New York, for Plaintiff–Appellant, pro se.

Randall D. Bartlett, New York, New York, for Defendant–Appellee, Howard C. Edelman.

Peter D. Dechiara, (on submission), Cohen, Weiss and Simon LLP, New York, New York, for Defendant–Appellee, Earl R. Pfeffer.

Richard A. Brook, (Richard N. Gilberg, on the brief), Meyer, Suozzi, English & Klein, P.C., New York, New York, for Defendant–Appellee, Local 804, International Brotherhood of Teamsters.

Aaron Schindel, Proskauer Rose LLP, New York, New York, for Defendants–Appellees, United Parcel Service, Mike Demarzo and Richard A. Levin.

PRESENT: Hon. DENNIS JACOBS, Hon. PIERRE N. LEVAL, and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff David V. Morris appeals from the judgment of the United States District Court for the Eastern District of New York (Korman, *C.J.*) entered December 17, 2004, dismissing his complaint against Defendants Local 804, International Brotherhood of Teamsters (the "Union"); United Parcel Service ("UPS"); Richard A. Levin; Sherri Eisenpress; Mike DeMarzo; Earl R. Pfeffer; and Howard C. Edelman. Familiarity is assumed as to the facts, the procedural context, and the issues specified for appellate review.

First, Morris argues that the district court failed to make a finding as to whether removal was proper, and that the district court incorrectly concluded—without the required analysis—that it had federal question jurisdiction over his claims. We disagree. The district court expressly construed Morris's six-page memorandum objecting to removal as a motion to remand and then, upon considering the objections raised by Morris, properly denied the motion.

Section 301(a) of the Labor Management Relations Act ("LMRA") gives federal courts jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). This section preempts not only state law contract claims involving alleged breaches of agreements between employers and unions, but any state law claim that substantially depends upon analysis of such an agreement. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

■ Morris alleges that his termination was not properly arbitrable under the collective bargaining agreement ("CBA"), and that the Union's agreement with UPS to nonetheless submit his wrongful discharge claim to arbitration constituted a fraud. These claims require an analysis of the CBA, and thus arise under federal law. *See Vaca v. Sipes,* 386 U.S. 171, 188–93, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Accordingly, the district court properly denied Morris's motion to remand his case to state court.

■ Second, as to the district court's referral of the defendants' motions to dismiss to the Magistrate Judge, there is no requirement—in 28 U.S.C. § 636, the Federal Rules of Civil Procedure or else-

where—that an *order* is needed to refer issues to a magistrate judge. *See, e.g.,* Fed. R. Civ. Pro. 72 (governing referral of matters to magistrate judges); Local Rule 72.2 (same). Moreover, Morris failed to raise this issue in his objections to the Report & Recommendation, and he is barred from raising it for the first time on appeal. *See Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

Third, Morris argues that the district court failed to undertake a *de novo* review of his objections to the Magistrate Judge's Report & Recommendation. Under 28 U.S.C. § 636(b)(1)(B), the district court may designate a magistrate judge to submit proposed findings of fact and recommendations on dispositive motions in a pending case. If the parties timely exercise their right to object to those findings, the district court must conduct a *de novo* review of those portions of the report and recommendation to which the party objects. *Grassia v. Scully,* 892 F.2d 16, 19 (2d Cir.1989); Fed.R.Civ.P. 72(b). The district court need not, however, specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety. The district court's reasons for rejecting the challenges are clear enough, as the challenges are meritless.

Our *de novo* review of Morris's claims indicates that the district court properly dismissed Morris's claims against all of the defendants for the reasons stated in the Magistrate Judge's thorough Report & Recommendation.

For the reasons set forth above, the judgment of the district court is **AFFIRMED.**