NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4162
_____

BANCO POPULAR DE PUERTO RICO,

Appellant

v.

ROY GILBERT; IRA GILBERT

_____

On Appeal from the District Court of the Virgin Islands
Appellate Division of St. Thomas
(D.C. Civil Action No. 3-07-cv-00143)
District Judge:  Honorable Curtis V. Gomez
_____

Submitted Under Third Circuit LAR 34.1(a)
April 14, 2011
_____

Before:  SCIRICA, RENDELL and AMBRO, <u>Circuit Judges</u>

(Opinion filed :April 19, 2011)
_____

OPINION
_____

AMBRO, <u>Circuit Judge</u>

    Banco Popular de Puerto Rico appeals an order of the District Court denying in

part its Motion for Further Costs and Attorneys' Fees.  Because we agree that the District

Court did not adequately explain the basis for its decision, we vacate its order and remand for further proceedings.

## I. Background

Banco Popular filed a mortgage foreclosure action against Roy and Ira Gilbert in December 2004. Roy Gilbert did not answer the complaint and a default was entered against him; Ira Gilbert answered, but did not oppose Banco Popular's subsequent summary judgment motion. In February 2009, the District Court entered judgment in favor of Banco Popular as to both defendants. It then successfully moved pursuant to 5 V.I.C. §§ 541 & 543 and the terms of the Note and Mortgage[1] for $3,767.07 in attorneys' fees and costs incurred as of March 13, 2009.

After executing the judgment, Banco Popular moved to recover additional attorneys' fees of $2,972.43 and costs of $1,188.72 that were incurred after March 13, 2009. As it had done with the previous motion for fees and costs, the District Court first referred Banco Popular's motion to a Magistrate Judge, who recommended that the full amount of fees and costs requested by Banco Popular be awarded. The Gilberts did not file any objections to the Magistrate's Report and Recommendation. Nonetheless, the District Court reviewed the Report and Recommendation, and decided to reduce

---

[1] In relevant part, the Note states that "[i]f [Banco Popular] has required [the Gilberts] to pay immediately in full . . . , [Banco Popular] will have the right to be paid back by [the Gilberts] for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees." JA 36. The Mortgage lists under "Acceleration: Remedies" that "Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph . . . , including, but not limited to, reasonable attorney' fees and costs of court. JA 42. "Attorneys fees" are then defined as "any attorneys' fees awarded by any court." JA 42.

2

substantially the amount of fees and costs awarded to Banco Popular to only $250.

Citing 5 V.I.C. § 541(a), which allows courts to award fees and costs in civil actions, the Court reasoned that the reduction was appropriate because Banco Popular's fee request included time spent on "duplicative" "conferences between attorneys," and costs associated with "basic secretarial tasks like faxing and photocopying."  JA 5.  The Court also stated that the case was uncontested, involved no difficult legal questions, and required no special legal skills.  JA 5-6.  It noted the previous award of fees and costs, and observed that "[i]f the Court awards them an additional $4,161.15, they will have received $7,928.22 for an uncontested foreclosure action."  JA 6.

Banco Popular timely appealed from the District Court's fee award.  We have jurisdiction over this appeal under 28 U.S.C. § 1291.

## II.    Analysis

We review the reasonableness of an award of attorneys' fees and costs for abuse of discretion.  *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 211 (3d Cir. 2009).  "There is '[a]n abuse of discretion . . . when a district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.  However, if the District Court denied the fees based on its conclusion on questions of law, our review is plenary.'"  *Id*. at 211-12 (alterations in original).

Banco Popular argues that the District Court made several errors of fact and law. In the absence of any objections filed by the Gilberts, Banco Popular contends that the District Court was obliged to adopt the Magistrate Judge's Report and Recommendation. We do not agree.  "Even if neither party objects to the magistrate's recommendation, the

3

district court is not bound by the recommendation of the magistrate." *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989). *Thomas v. Arn*, on which Banco Popular relies, is not to the contrary; it merely stands for the proposition that, following appropriate notice to the parties, district judges *may* decline to review magistrate judges' reports and recommendations when neither party has filed an objection. 474 U.S. 140, 151 (1985).

However, some of Banco Popular's remaining arguments are more successful. Those arguments are: 1) that the District Court committed clear error by stating that Banco Popular had sought reimbursement for conferences between attorneys, as well as faxing and photocopying costs, and by stating that the foreclosure action was uncontested; 2) that the Court ignored the parties' agreement that the Gilberts would bear Banco Popular's fees and costs incurred in enforcing the Note and Mortgage, instead relying only on 5 V.I.C. § 541(a); and 3) that the Court's order did not adequately explain its decision to award only $250. We address these contentions in turn.

Banco Popular points out that it seeks fees for the work of only one attorney (plus one legal assistant), and thus argues that the District Court's refusal to award fees for duplicative conferences between attorneys was clearly erroneous. We agree. We note that a handful of the time entries submitted by Banco Popular in support of its fees motion reflect time spent in "staff conferences" or on other intra-firm communications. But, with the exception of some communications between attorney Gray and legal assistant Williams, Banco Popular seeks recovery for only Gray's participation in these colloquies. Thus, Banco Popular's fee requests cannot accurately be described as duplicative. Further, there is no blanket ban on recovery for intra-firm communications

4

or work by multiple lawyers under appropriate circumstances.[2] *See West Virginia Univ. Hosps., Inc. v. Casey*, 898 F.2d 357, 364-65 (3d Cir. 1990).

Likewise, while Banco Popular's submission in support of its motion lists entries reflecting charges associated with faxes and photocopying, Banco Popular did not seek reimbursement for these expenses. While this fact was less than apparent from the face of Banco Popular's submission,[3] we note that the faxing and photocopying charges listed on Banco Popular's expense report total under $5.00, a very small fraction of the nearly $1,200 that Banco Popular sought in costs.

Thus, we conclude that the District Court clearly erred in finding that Banco Popular sought to recover for duplicative attorney conferences and for faxing and photocopying. However, we cannot say the same about the District Court's statement that the foreclosure action was uncontested. While Ira Gilbert did file an answer, the District Court docket reflects no further participation by either Gilbert following the

---

[2] Of course, it will often be appropriate for district courts, in their discretion, to disallow recovery of fees incurred because a party has elected to have two lawyers do work that might have been done by only one. Situations nonetheless exist in which recovery for the work of multiple lawyers would be appropriate, even in routine matters. For example, where a more senior attorney keeps costs down by delegating work to a junior attorney (or a legal assistant), it typically is appropriate to allow recovery of fees incurred in the supervision of that work. It is also proper for the attorneys in a firm to confer concerning legal issues. Indeed, that conferring may save hours of research. The takeaway is that context is critical.

[3] Banco Popular did not state in its Motion or the accompanying affidavit that it was not claiming reimbursement for its faxing and photocopying costs; rather, it stated only that it had incurred "total compensable costs" of $1,188.72. JA 102. Thus, the District Court would have had to notice that this sum was less than the total amount of costs listed on Banco Popular's listing of billed expenses, and from there extrapolate to discern which costs Banco Popular was not seeking.

5

District Court's grant of summary judgment, and Banco Popular has already recovered for fees and costs incurred through that date. Thus, the stage of the case that is relevant here was uncontested.

Turning to Banco Popular's other contentions, we agree that the District Court should not have reduced Banco Popular's recovery of fees and costs to $250 without explaining how it arrived at that sum, which bears no obvious relationship to the figures contained in the materials submitted. *See Planned Parenthood of Central NJ v. Attorney Gen. of NJ*, 297 F.3d 253, 266 (3d Cir. 2002) (holding that District Court abused its discretion by failing to explain the bases for its award of attorneys' fees); *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 196-97 (3d Cir. 2000) (same). What explanation the District Court did offer—that the case was routine and that fees and costs had already been awarded—does not explain either why it reduced the award of costs, which generally are not subject to reduction even in routine matters, or where the $250 figure came from. Though it may be that a $250 award is appropriate, a remand is nonetheless called for.

Finally, we decline to construe the terms of the Note and Mortgage relating to attorneys' fees and costs in the first instance on appeal. On remand, however, the District Court should assess whether those documents create any entitlement to relief that is distinct from that available under 5 V.I.C. § 541(a).

Accordingly, we vacate the District Court's award of fees and costs, and remand for further proceedings.