**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1169
_____

ERNEST M. D'ORAZIO, III,
                                        Appellant

v.

WASHINGTON TOWNSHIP; STEPHEN ROLANDO;
JASON PLAYER; RICHARD SUMEK; RAFAEL MUNIZ;
DENNIS SIMS; PAUL MORIARITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-07-cv-05097)
District Judge: Hon. Joseph E. Irenas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 5, 2012

BEFORE: FUENTES, FISHER and COWEN,  Circuit Judges

(Filed: October 16, 2012)
_____

OPINION
_____


COWEN, Circuit Judge.

Ernest M. D'Orazio, III appeals from the order of the District Court regarding his Motion for Attorneys' Fees and Costs, arguing that the District Court committed various errors in awarding attorneys' fees and costs. We affirm the order of the District Court, and remand solely for the limited purpose of correcting an error relating to costs for ordering transcripts from an administrative hearing.

I.

We write exclusively for the parties who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

In 2006, Appellant Ernest M. D'Orazio was serving a one-year appointment as a Special Law Enforcement Officer ("SLEO") with the Washington Township Police Department. During this appointment, it declined to appoint him to a full time position and removed him from his SLEO position. Appellant exercised his right to an administrative hearing on the merits of his removal. Following the administrative hearing, he was again not appointed to a permanent position. This suit followed.

After discovery was completed, the District Court entered an order granting in part and denying in part summary judgment. Prior to the matter going to trial in the remaining issues, Appellees submitted a Rule 68 Offer of Judgment in the amount of $75,000, exclusive of attorneys' fees and costs, which was accepted.

Following the entry of Judgment, Appellant filed a Bill of Costs and Motion for Attorneys' Fees and Costs. The Magistrate Judge held a hearing and issued a Report and

2

Recommendation, awarding a total of $228,607.20. Both parties filed objections to the petition. The District Court adopted the Report and Recommendation in part, reducing the total award to $153,147.27. We now review that determination.

## II.

Under 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." In determining the reasonableness of attorneys' fees, the court should consider "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The reasonable hourly rate is calculated "according to the prevailing market rates in the community." *Washington v. Philadelphia Cnty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996).

The Supreme Court has noted that "the district court has discretion in determining the amount of a fee award" because of the district court's "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley*, 461 U.S. at 437. We review the reasonableness of an award of attorneys' fees for an abuse of discretion. *Washington*, 89 F.3d at 1034.

Appellant first argues that the District Court abused its discretion in awarding fees based upon a rate of $250 per hour. The record indicates that the District Court considered arguments submitted by both parties, including affidavits. The District Court ultimately credited the affidavits submitted by the Appellees. We cannot say that the District Court abused its discretion in making this determination.

3

Appellant also claims that the District Court erred by not considering the Community Legal Service ("CLS") fee schedule, which he claims has been "adopted" by the Third Circuit. (Appellant Br. at 29.) The case that Appellant cites for this proposition does not adopt the CLS fee schedule, but rather used it in one instance. *See Maldonado v. Houstoun*, 256 F.3d 181, 187-88 (3d Cir. 2001).

Appellant also claims that the District Court erred in concluding that the proper legal market is the "Southern New Jersey" market. We have never held that it is improper for a District Court to determine—based on the evidence before it—that Southern New Jersey is an appropriate market. There was no abuse of discretion for the District Court to come to its conclusion.

Next, Appellant argues that the District Court erred because it did not conduct a hearing on the reasonable market rate. This argument is without merit, since the Magistrate Judge conducted an evidentiary hearing. Prior to the hearing, the parties submitted multiple affidavits relating to the reasonable market rate, and taking testimony was not necessary. We conclude that *Smith v. Philadelphia Hous. Auth.*, 107 F.3d 223 (3d Cir. 1997) was complied with.

Appellant also asserts that the District Court should not have considered Appellee's market rate affidavits because they were filed late. It is within the District Court's discretion to accept late filings. *See* N.J. Local Civil Rule 7.1(d)(7).

Appellant next argues that the District Court abused its discretion in not awarding fees for work that was performed in the administrative proceedings and for work

4

performed after the filing of the initial Motion for Attorneys' Fees. These arguments are without merit.

District courts have discretion to deny requests for attorneys' fees for time spent on optional administrative hearings. *See Webb v. Board of Educ. of Dyer Cnty.*, 471 U.S. 234, 244 (1985). The District Court did not abuse its discretion when it found that Appellant did not establish an "inextricable link" between the administrative proceeding and the litigation.

Similarly, we come to the same conclusion with the argument that the District Court abused its discretion by declining to award attorneys' fees for work performed by Appellant after the filing of the initial Motion for Attorneys' Fees. Given the record, we conclude that the District Court properly exercised its discretion to deny attorneys' fees for work performed after the submission of the initial motion. *See Hensley*, 461 U.S. at 437 (explaining that giving the district court such discretion "is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what are essentially factual matters").

Appellant also argues that the District Court abused its discretion in reducing attorneys' fees by 20 percent to reflect "limited success" in the litigation. This argument does not have merit because district courts have wide discretion to determine whether, and by how much, fees should be reduced for lack of success. *See Hensley*, 461 U.S. at 436-37 (noting that "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success" and

that the "court necessarily has discretion in making this equitable judgment"). Here, the Magistrate Judge provided many reasons reflecting the "limited success," including the fact that Appellant settled for only 4.6 percent of damages originally sought and did not obtain reinstatement to his job. (J.A. 50-54.)

Appellant next argues that the District Court abused its discretion by reducing attorneys' fees on certain bases that were not objected to by Appellees. This argument fails, as the District Court was free to accept or reject the Report and Recommendation. *See Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989) ("Even if neither party objects to the magistrate's recommendation, the district court is not bound by the recommendation of the magistrate."). Appellant is correct that a district court cannot reduce attorneys' fees *sua sponte*. *See Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 719 (3d Cir. 1989). However, Appellees objected on these bases in their Brief in Opposition to Plaintiff's Application for Fees and Costs. While Appellees did not raise each of these grounds when objecting to the Report and Recommendation, the objections were part of the record, and the District Court did not abuse its discretion by reducing attorneys' fees based on these grounds.

Finally, Appellant argues that the District Court erred in denying Appellant's costs incurred in the administrative proceeding and the mediation. The District Court was well within its discretion to deny costs for the investigator fees and mediation fees. However, the District Court's opinion contains contradictory language about reimbursement of costs for the administrative hearing transcript. The District Court noted in the Order that it will

6

permit the reimbursement of costs for the transcript, since it was used at the administrative hearing. (J.A. 24 n.18.) However, the District Court also noted that it would deny costs for the administrative hearing transcript, and the Court's calculation of costs deducted the cost of the transcript. (J.A. 24-25.) This was an error. We remand for the limited purpose of awarding $3,290.75 in costs for the administrative hearing transcript.

III.

For the foregoing reasons, we will affirm in part the order of the District Court and remand in part for the limited purpose of awarding $3,290.75 in costs for the administrative hearing transcript.