Charles W. BOWMAN, Plaintiff,

v.

IOWA STATE TRAVELERS MUTUAL ASSURANCE COMPANY, Defendant.

No. 77–414–C.

United States District Court, E. D. Oklahoma.

April 21, 1978.

Joe P. Robertson, Wagoner, Okl., for plaintiff.

Dan A. Rogers, Tulsa, Okl., for defendant.

## ORDER REMANDING CASE

MORRIS, Chief Judge.

Plaintiff brought this action in the District Court of Wagoner County, Oklahoma, to recover payments due under a disability insurance policy issued by defendant insurance company. Defendant removed the case to this court on the basis of diversity of citizenship. The removal petition alleges that the amount in controversy exceeds $10,000.00 exclusive of interests and costs. Plaintiff has filed a motion to remand this case to the state court on the grounds that the amount in controversy does not exceed $10,000.00. It is clear that an action sought to be removed on the basis of diversity of citizenship under 28 U.S.C. § 1441 is removable only if the amount in controversy requirement of 28 U.S.C. § 1332 has been met.

Plaintiff states that the amount due under the policy was less than $10,000.00 both as of the commencement of this action and as of the time of removal. Defendant does not dispute that the sums accrued under the policy do not meet the jurisdictional amount, but contends instead that the validity of the insurance contract is in dispute in the instant action and that accordingly all potential future benefits under the policy are to be included in determining the jurisdictional amount.

As a general rule, future benefits payable under a contract of insurance may be used to compute the amount in controversy for jurisdictional purposes only when the validity of the insurance policy itself, and not merely the presence or absence of conditions measuring the insurer's liability thereunder is the matter in dispute. *Keck v. Fidelity & Casualty Co.*, 359 F.2d 840 (7th Cir. 1966); *Bankers Life & Casualty Co. v. Namie*, 341 F.2d 187 (5th Cir. 1965); *White v. North American Accident Insurance Co.*, 316 F.2d 5 (10th Cir. 1963); *Henderson v. National Fidelity Life Insurance Co.*, 257 F.2d 917, 918 (10th Cir. 1958); *Guardian Life Insurance Co. of America v. Kortz*, 151 F.2d 582 (10th Cir. 1945); C. Wright, *Federal Courts* 132 (3d ed. 1976).

Defendant bases its contention that the entire insurance contract is at issue on its affirmative defenses (1) that the allegedly disabling injury to plaintiff was sustained prior to the effective date of the policy, and (2) that plaintiff misrepresented his medical condition when he applied for insurance entitling defendant to a set off in the sum of $3,436.16, which sum defendant had previously paid to plaintiff under the insurance policy. The first defense was raised in defendant's answer filed on December 8, 1977, in this court after removal. The second defense was raised in the amendment to the pretrial order filed March 20, 1978. This action was commenced in state court by the filing of plaintiff's petition on November 10, 1977. Defendant filed its removal petition in this court on December 8, 1977.

The determination whether or not the amount in controversy requirement of the federal court has been met in this case accordingly depends upon whether, upon application of the proper standard for measuring the jurisdictional amount in removal cases, the validity of the entire contract or merely the extent of liability thereunder is in question.

■ The federal courts have followed three different rules as to the viewpoint from which the amount in controversy should be measured, namely: (1) the benefit to the plaintiff ("plaintiff viewpoint" rule), C. Wright, *Federal Courts* 134 (3d ed. 1976); (2) the pecuniary result to either party which the judgment would directly produce (to be determined by looking to the object sought to be accomplished by the plaintiff's complaint), *Ronzio v. Denver & R. G. W. R.R.*, 116 F.2d 604, 606 (10th Cir. 1940); or (3) the point of view of the party seeking to invoke federal jurisdiction (plaintiff in a case within the original jurisdiction; defendant in a case removed to federal court), C. Wright, *Federal Courts* 135–36 & n. 14 (3d ed. 1976). *See City of Milwaukee v. Saxbe*, 546 F.2d 693, 701–03 (7th Cir. 1976); *Congaree Broadcasters, Inc. v. TM Programming, Inc.*, 436 F.Supp. 258 (D.S.C. 1977). However, in a case sought to be removed from state to federal court "the right to removal is decided by the pleadings, viewed as of the time when the petition for removal is filed." C. Wright, *Federal Courts* 152 (3d ed. 1976) (footnote omitted.)[1] Stated differently,

the grounds for removal must inhere in the plaintiff's claim, rather than in a defense or counterclaim. Accordingly, the federal court must evaluate the substantive underpinnings of plaintiff's claim—and hence the propriety of remov-

al. This typically will be done by examining the record as it stands *at the time the petition for removal is filed.* Defendant always has the burden of establishing that removal is proper.

14 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 3721, at 530 (1976) (footnotes omitted, emphasis added). Thus, the Tenth Circuit has declared:

Ordinarily, the amount in controversy is to be determined by the allegations of the complaint, or, where they are not dispositive, the allegations in the petition for removal. *Davenport v. Proctor & Gamble Manufacturing Co.*, 2 Cir., 241 F.2d 511, 514, 63 A.L.R.2d 1350; *see also Pullman Co. v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334; *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702; *McLeod v. Cities Service Gas Co.*, 10 Cir., 233 F.2d 242, 245–246; and *Woerter v. Orr*, 10 Cir., 127 F.2d 969, 971; cf. *Ronzio, supra*, 116 F.2d 604, 605.

*Lonnquist v. J. C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970); *see American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702 (1951); *Rocket Oil & Gas Co. v. Arkansas Louisiana Gas Co.*, 435 F.Supp. 1306 (W.D.Okl.1977); *Dane v. Southwestern Bell Telephone Co.*, 352 F.Supp. 257 (W.D.Okl.1972).

■ As the court previously indicated, defendant does not dispute plaintiff's representation that disability payments accrued under the policy were for less than $10,-000.00 both as of the commencement of this action in state court and as of the time of removal. Neither the state court petition nor the removal petition put the validity of the insurance contract in issue. When viewing the record as of the time of removal it is apparent that only defendant's liabil-

---

1. In footnote 37 Professor Wright elaborates:

   Thus in an action to recover accrued installments, the action must be remanded if the amount due on the date of removal did not satisfy the jurisdictional amount requirement, even though additional installments that have accrued after removal make the amount sufficient. *Stickland Transp. Co. v. Navajo Freight Lines, Inc.*, D.C.Tex.1961, 199

   F.Supp. 108; *Anderson v. St. Paul Mercury Indemnity Co.*, D.C.La.1954, 119 F.Supp. 222. Additional installments coming due between the filing of suit and the petition for removal may be considered. *See Journal Pub. Co. v. General Cas. Co.*, C.A. 9th, 1954, 210 F.2d 202.

   C. Wright, *Federal Courts* 152–53 n. 37 (3d ed. 1976).

ity for disability payments accrued under the policy was in issue. Since the payments accrued at the time of removal did not exceed $10,000.00 the case was improvidently removed to this court and must therefore be remanded to the District Court of Wagoner County. The court clerk is directed to effect the remand.