**MARTIN PET PRODUCTS (U.S.), INC., Plaintiff,**

v.

**Tracy LAWRENCE and Terry McAndrew, d/b/a Natural Pet Products, Defendants.**

**Civ. A. No. 92–4204–DES.**

United States District Court, D. Kansas.

Feb. 11, 1993.

John D. Ensley, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, Delno J. Gro-

senheider, Wilson, Grosenheider & Burns, Austin, TX, for plaintiff.

David A. Hanson, Glenn, Cornish, Hanson & Karns, Chtd., Louis F. Eisenbarth, Stanley R. Parker, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, Bruce Farrow-Smith, Mark L. Perlmutter, Kenneth B. Shepardson, Hardesty and Hardin, P.C., Austin, TX, for defendants.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on motion by the plaintiff Martin Pet Products (U.S.), Inc., to remand this case to the Shawnee County District Court (Doc. 6). Because this case was improvidently removed, the court will grant the plaintiff's motion to remand.

■ The plaintiff asserts several arguments in support of remand, all of which have merit. First, the plaintiff contends that the notice of removal was not timely filed. Defendant Terry McAndrew filed the notice of removal on August 19, 1992. Defendant Tracy Lawrence was served with the plaintiff's petition on January 20, 1992, while defendant McAndrew was served on July 20, 1992. The notice of removal was filed within 30 days of service on defendant McAndrew, but 7 months after service on defendant Lawrence.

The procedure for removal is governed by 28 U.S.C. § 1446, which reads in pertinent part:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

This has generally been interpreted in multiple defendant cases to mean that the removal action must be filed within 30 days of service upon the first defendant. *Cohen v. Hoard,* 696 F.Supp. 564, 566 (D.Kan.1988); *Gorman v. Abbott Laboratories,* 629 F.Supp. 1196, 1201–03 (D.R.I.1986); *Hill v. Phillips, Barratt, Kaiser Engineering Ltd.,* 586 F.Supp. 944, 945–46 (D.Me.1984); *Schmidt v. National Organization for Women,* 562 F.Supp. 210, 212–13 (N.D.Fla.1983); *contra Garside by Garside v. Osco Drug, Inc.,* 702 F.Supp. 19, 21–22 (D.Mass.1988).

The cases which adhere to this majority rule generally do so on the basis of the "rule of unanimity," which simply refers to the requirement that all defendants must agree to the removal. *Garside by Garside v. Osco Drug, Inc.,* 702 F.Supp. at 21. The assumption is that, if the first defendant was in favor of removal, he would have removed the case. *Id.* Since he did not, the other defendants are prohibited from removing the case, if 30 days from the time of service on the first defendant has run. Although the defendant urges this court to adopt the reasoning in *Garside,* this court believes the majority view is sound. This view comports with the general principle of strictly construing the removal statutes and resolving any doubt in favor of remand. *See Elkhart Co-op. Equity Exchange v. Day,* 716 F.Supp. 1384 (D.Kan. 1989). Further it satisfies the rule of unanimity. The court finds the defendant Terry McAndrew's notice of removal was not timely and the case should be remanded to the Shawnee County District Court.

■ The court further finds no merit to the defendant's argument that removal was proper because the amount in controversy was in excess of $50,000, thereby satisfying the diversity jurisdiction requirements. The plaintiff's petition sought relief of $26,182.81, exclusive of interest and costs. In his removal action, the defendant cited to a United States District Court case currently pending in the Western District of Texas between these same parties in which the amount of controversy was in excess of $50,000. Somehow, through logic that escapes this court, the defendant used the amount in controversy in that case to satisfy the jurisdictional requirement in this case. The defendant, understandably, cites no authority for the proposition that it is permissible to aggregate its numerous pending cases to establish the minimum jurisdictional requirement for removal based upon diversity jurisdiction. This court rejects the defendant's premise as wholly without merit.

58

The court further rejects the defendant's argument that its counterclaim can serve as a basis for establishing the amount in controversy. At the time the defendant removed this case, he had filed no counterclaim. In the Tenth Circuit, the amount in controversy is to be determined by looking to the pleadings in the case at the time of removal. *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir.1970); *Bowman v. Iowa State Travelers Mutual Assurance Co.*, 449 F.Supp. 60, 62 (E.D.Okla.1978). In *Bowman*, the court further stated that the amount must be established by reference to the plaintiff's petition and not the defense or counterclaims. 449 F.Supp. at 62.

The court need not address whether the counterclaim may be used by the defendant to establish the amount in controversy for the purpose of removal. The counterclaim had not been filed at the time of removal and cannot serve as a basis for later establishing this court's jurisdiction.

IT IS BY THE COURT THEREFORE ORDERED that the plaintiff's motion to remand the case to the Shawnee County District Court (Doc. 6) is granted.