**Linda JARVIS, Plaintiff,**

v.

**FHP OF UTAH, INC., FHP, Inc., R. Stanley Callister, and John Does 1–10, Defendants.**

No. 94–C–0898–S.

United States District Court, D. Utah. Central Division.

Jan. 19, 1995.

James C. Lewis, Janet Lewis, Salt Lake City, UT, George S. Diumenti, Bountiful, UT, for plaintiff.

Ellen Maycock, David C. Dwight, Kruse, Landa & Maycock, Thomas R. Karrenberg, Steven W. Dougherty, Salt Lake City, UT, for defendants.

## ORDER

SAM, District Judge.

The court has before it plaintiff's Motion to Remand[1] and defendant FHP of Utah, Inc.'s ("FHP") Motion to Dismiss.

The court first considers plaintiff's Motion to Remand. Plaintiff asserts that because not all of the defendants joined in the notice of removal or filed any pleadings establishing their unambiguous consent, the removal was fatally defective requiring remand. The facts reflect that plaintiff filed her complaint on November 3, 1993 in Utah state court. Plaintiff amended her complaint to add a claim under 42 U.S.C. § 2000e *et seq.* (Title VII) on October 10, 1994. Defendant FHP was served with the amended complaint on September 6, 1994. Defendant Callister accepted service of the amended complaint on September 8, 1994. Defendant Callister filed a notice of removal on September 14, 1994. FHP filed a motion to dismiss in this court on September 26, 1994. Plaintiff asserts that FHP did not timely consent to the removal and, thus, it is defective. Defendants contend that FHP's filing of a motion to dismiss in this court on September 26, 1994, within the thirty day time limit, was sufficient to exhibit its consent to removal.

The parties have not cited and the court is unaware of any Tenth Circuit case resolving the issue presented, whether the filing of a motion to dismiss in this court is sufficient to manifest consent to join in a petition for removal. The court is of the view that it is not.

While the removal statute does not explicitly so state, it is well established that all defendants in a multi-defendant case must join in the petition for removal. See, *Chicago, [R.] I. and P.R. Co. v. Martin,* 178 U.S. 245 [20 S.Ct. 854, 44 L.Ed. 1055] ... (1900); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing, Local 349,* 427 F.2d 325, 326–327 (5th Cir.1970). The rule of unanimity, as it is now known, does not require that all of the defendants sign the notice of removal; however, it does require that each defendant officially and unambiguously consent to a removal petition filed by another defendant, within thirty (30) days of receiving the complaint. See, *Mason v. International Business Machines, Inc.,* 543 F.Supp. 444, 446 (M.D.N.C.1982). *Martin Oil Co. v. Philadelphia Life Ins. Co.,* 827 F.Supp. 1236, 1237 (N.D.W.Va.1993). See also *Ogletree v. Barnes,* 851 F.Supp. 184 (E.D.Pa.1994); *Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505 (E.D.Va.1992). The court concludes that, although all defendants need not sign the same notice of removal, each party must independently and unambiguously file notice of their consent and intent to join in the removal within the thirty day period allowed. The filing by FHP of a motion to dismiss does not unambiguously manifest its consent to join in the removal. Inasmuch as jurisdiction of this court attaches as soon as the petition for removal from state court is filed, *Berberian v. Gibney,* 514 F.2d 790 (1st Cir.1975), the court finds nothing implied in the filing of a motion to dismiss that communicates consent to re-

---

1. Plaintiff's request for oral argument is DENIED. Plaintiff has made no showing pursuant to D.Ut.R. 202(d) of good cause why oral argument should be heard.

moval. See, *Ogletree v. Barnes*, 851 F.Supp. 184 (E.D.Pa.1994) (court in dicta states it doubts that filing of a motion to dismiss in federal court constitutes consent to removal); *Production Stamping Corp. v. Maryland Casualty Co.*, 829 F.Supp. 1074 (E.D.Wis.1993) (mere filing of an answer does not constitute sufficient consent to removal). Defendants' authority to the contrary is either not persuasive or easily distinguished.[2] The court's view is consistent with the "general principle of strictly construing the removal statutes and resolving any doubt in favor of remand." *Martin Pet Products, Inc. v. Lawrence*, 814 F.Supp. 56, 57 (D.Kan.1993). In support of its conclusion, the court also echoes the following policy statement.

> There is nothing unfair about requiring each defendant to either sign the notice of removal, file its own notice of removal, or file a written consent or written joinder to the original notice of removal. Such a policy, while insuring the unanimity of removal, does not prevent any defendant from taking full advantage of the removal statute, and it is not a requirement which could be manipulated by plaintiffs to overcome the rights of defendants to remove.

*Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F.Supp. 1236, 1238 (N.D.W.Va.1993).

Based on the foregoing, the court concludes that defendant FHP did not timely give its consent to removal and, therefore, removal is defective. Accordingly, plaintiff's motion to remand is GRANTED, each side to bear its own fees and costs. The court does not reach defendant FHP's motion to dismiss.

IT IS SO ORDERED.

---

**2.** Defendants cite *Lanier v. American Bd. of Endodontics*, 843 F.2d 901 (6th Cir.1988) (citing *In re Moore*, 209 U.S. 490, 28 S.Ct. 706, 52 L.Ed. 904 (1908)) and *Harris v. Edward Hyman Co.*, 664 F.2d 943 (5th Cir.1981), for the proposition that, by undertaking affirmative action in federal court, a party acquiesces in the court's jurisdiction. In the cases cited, however, it is the plaintiff, rather than one of the defendants, that has undertaken affirmative action in federal court thus waiving objection to removal.