April **HENDERSON**, Plaintiff,

v.

Darren J. **HOLMES** and Ford **Motor Company**, a Delaware **Corporation**, Defendants.

No. 95–4185–SAC.

United States District Court, D. Kansas.

Feb. 29, 1996.

Patrick Caffey, Caffey & Kieffer P.A., Manhattan, KS, for April Henderson.

Steven G. Piland, Law Offices of Daniel P. Hanson, Overland Park, KS, for Darren J. Holmes.

Stephen M. Gorny, Polsinelli, White, Vardeman & Shalton, Overland Park, KS, John F. Murphy, George E. Wolf, Matthew E. Turner, Shook, Hardy & Bacon, Kansas City, MO, W. Russell Welsh, Douglas S. Laird, Diane P. Duvall, Polsinelli, White, Vardeman & Shalton, Kansas City, MO, for Ford Motor Co.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the plaintiff's motion to remand. (Dk. 6). The plaintiff argues the removal is procedurally defective for several reasons. Her principal attacks are that the defendant Darren J. Holmes ("Holmes") did not join the notice of removal and that the notice of removal was not timely filed within the thirty-day period that commenced once Holmes was served with the original complaint. Both defendants oppose the motion to remand.

## BACKGROUND

This action arises from an automobile accident in Manhattan, Kansas, on October 30, 1993. The plaintiff, April Henderson, filed her petition in the District Court of Riley County, Kansas, on September 7, 1995. She alleges that she suffered injuries as a result of collisions caused when the car in which she was riding was struck in the rear by a car operated by the defendant Holmes. She al-

leges that the defendant Holmes was negligent in following too closely and in keeping a lookout. The defendant Holmes was served with this petition on September 14, 1995.[1]

On October 10, 1995, the defendant Holmes filed a motion for leave to file his answer out of time and attached his answer. Before the state court ruled on Holmes' motion, the plaintiff filed an amended petition on October 27, 1995, alleging the same action against Holmes and adding Ford Motor Company ("Ford") as the defendant on a negligent design of air bag claim. Ford was served with this pleading on November 1, 1995.

On November 17, 1995, Ford filed a notice of removal in federal district court. The notice alleges federal diversity jurisdiction, 28 U.S.C. § 1332, exists by reason of the plaintiff's prayer for more than $50,000 and the parties' diverse citizenships. The notice of removal also states: "Defendant Darren J. Holmes does not object to the removal of this action to the United States District Court for the District of Kansas and has given his consent to the filing of this Notice of Removal." (Dk. 1, ¶ 11). The notice shows that it was submitted by Ford and signed only by Ford's counsel. On November 22, 1995, Ford filed an amended notice of removal, and it too was submitted and signed only by Ford's counsel. (Dk. 3). The plaintiff filed her motion to remand on December 15, 1995, or within thirty days of the filing of Ford's notice of removal.

The plaintiff did not serve or provide the defendant Holmes with a copy of the amended petition until November 22, 1995, when a copy was sent by facsimile transmission to Holmes' counsel. On November 28, 1995, Holmes filed his answer in federal district court. The answer does not say that Holmes consents or joins in Ford's removal. Holmes first communicated to the court his consent to removal in writing signed by him or his counsel when he filed his memorandum in opposition to remand on December 27, 1995.

1. The defendant Holmes does not dispute the plaintiff's allegation that he was served on this date. The court accepts this undisputed allegation as true, because the burden of proof rests with party seeking to preserve removal. *McCain*

*v. Cahoj,* 794 F.Supp. 1061, 1061 n. 1 (D.Kan. 1992). Moreover, the defendant Holmes admitted he was served on that date in his motion for leave to file a late answer.

## DISCUSSION

The general removal statute, 28 U.S.C. § 1441, allows defendants to remove a state civil action to federal district court on the basis of diversity jurisdiction if none of the defendants served is a citizen of the state where the action is brought. The procedures for removal are governed by 28 U.S.C. § 1446, which provides in pertinent part:

(a) A defendant or defendants desiring to remove any civil action ... shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure....

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

■ Section 1447(c) specifies two grounds for remand, one of which is a "defect in the removal procedure." A defect in the removal notice, an untimely removal notice, or any "[f]ailure to comply with the requirements of § 1446(b) constitutes a 'defect in removal procedure.'" *Page v. City of Southfield,* 45 F.3d 128, 131 (6th Cir.1995) (citing *In re Continental Casualty Co.,* 29 F.3d 292, 294 (7th Cir.1994)); *see In re Ocean Marine Mutual,* 3 F.3d 353, 356 (11th Cir.1993); *Maniar v. F.D.I.C.,* 979 F.2d 782, 785 (9th Cir.1992). A motion to remand based on a procedural defect must be filed within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c). The plaintiff's motion to remand is timely.

■ As a creature of statute, removal comes with statutory procedures and requirements that are mandatory in nature. *Lewis v. Rego Co.,* 757 F.2d 66, 68 (3rd Cir.1985); *First Nat. Bank & Trust Co. v. Nicholas,* 768 F.Supp. 788, 790 (D.Kan.1991); *Cohen v. Hoard,* 696 F.Supp. 564, 565 (D.Kan.1988). "[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-on Tools Corp.,* 913

F.2d 108, 111 (3rd Cir.1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3rd Cir.1987), *cert. dismissed,* 484 U.S. 1021, 108 S.Ct. 739, 98 L.Ed.2d 756 (1988)), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991); *see Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir.1993) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." (citations omitted)); *Cohen v. Hoard,* 696 F.Supp. at 565 ("Removal statutes are strictly construed to limit the federal court's authority to that expressly provided by Congress and to protect the states' judicial powers." (citations omitted)). The removing party has the burden to show that removal was properly accomplished. *Christian v. College Boulevard Nat. Bank,* 795 F.Supp. 370, 371 (D.Kan.1992); *First Nat. Bank & Trust Co. v. Nicholas,* 768 F.Supp. at 790.

■ "A petition [notice] for removal fails unless all defendants join it." *Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir.1994) (citing *Hanrick v. Hanrick,* 153 U.S. 192, 14 S.Ct. 835, 38 L.Ed. 685 (1894); *Torrence v. Shedd,* 144 U.S. 527, 12 S.Ct. 726, 36 L.Ed. 528 (1892)); *see Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *Lewis v. Rego Co.,* 757 F.2d at 68; *Cornwall v. Robinson,* 654 F.2d 685, 686 (10th Cir.1981). This is commonly referred to as the unanimity rule or requirement. *Ford v. New United Motors Mfg., Inc.,* 857 F.Supp. 707, 708 (N.D.Cal.1994); *Martin Pet Products (U.S.), Inc. v. Lawrence,* 814 F.Supp. 56, 57 (D.Kan.1993). The failure to join all proper defendants renders the removal petition procedurally defective. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n. 1 (9th Cir.1988); *Cohen,* 696 F.Supp. at 565.

■ "To 'join' a motion [or notice of removal] is to support it in writing...." *Roe v. O'Donohue,* 38 F.3d at 301. This does not mean that all defendants must sign the same notice of removal. *Getty Oil, a Div. of Texaco, Inc. v. Insurance Co. of North America,* 841 F.2d 1254, 1262 (5th Cir.1988); *Jarvis v. FHP of Utah, Inc.,* 874 F.Supp. 1253, 1254 (D.Utah 1995); *Barger v. Bristol–Myers*

*Squibb Company*, 1994 WL 69508, at *2 (D.Kan. Feb. 25, 1994) (No. 93–2485–JWL). Each party must independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period.[2] *Jarvis*, 874 F.Supp. at 1254; *Barger*, 1994 WL 69508 at *2; *Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F.Supp. 1236, 1237 (N.D.W.Va.1993); *see Wilkins v. Correctional Medical System*, 931 F.2d 888, 1991 WL 68791, at *2 n. 2 (4th Cir.1991) (Table). It is simply not enough that the removing party in its notice of removal represents that the other defendants consent or do not object to removal. *Landman v. Borough of Bristol*, 896 F.Supp. 406, 408–09 (E.D.Pa.1995); *see, e.g., Roe v. O'Donohue*, 38 F.3d at 301; *Getty Oil, a Div. of Texaco, Inc.*, 841 F.2d at 1262 n. 11; *Barger*, 1994 WL 69508, at *2; *Ogletree v. Barnes*, 851 F.Supp. 184, 187–189 (E.D.Pa.1994). "[O]ne defendant's attempt to speak on behalf of another defendant will not suffice." *Landman*, 896 F.Supp. at 409 (citations omitted); *see Ogletree*, 851 F.Supp. at 189.

■■■ The defendant Holmes did not independently and unambiguously communi-

cate to the court his consent for removal until he filed his memorandum in opposition to remand on December 27, 1995. Holmes' answer does not say that he consents to removal, and the court does not infer consent from the mere fact that he filed his answer in federal court. *See Landman*, 896 F.Supp. at 409 (and cases cited therein). "[A] party's filing of an answer does not satisfy the unambiguous expression of consent required for proper removal." *Landman*, 896 F.Supp. at 409 (citing *Production Stamping Corp. v. Maryland Casualty Co.*, 829 F.Supp. 1074, 1077 (E.D.Wis.1993).

■■■ Both defendants concede that Holmes' timely consent is a procedural prerequisite to removal. (Dk. 8 at 4; Dk. 10 at 4–5). The thirty-day time limitation of § 1446(b) is not a jurisdictional requirement, but it is a procedural requirement that is strictly enforced. *First Nat. Bank & Trust Co. v. Nicholas*, 768 F.Supp. at 790; *Cohen v. Hoard*, 696 F.Supp. at 566. Holmes' consent came more than thirty days after the original petition was served on him.[3] Assuming for

2. There are valid reasons for this requirement. Without such a filing, "there would be nothing on the record to 'bind' the allegedly consenting defendant." *Getty Oil, a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n. 11 (5th Cir.1988). It serves the policy of insuring the unanimity necessary for removal. *Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F.Supp. 1236, 1238 (N.D.W.Va.1993). It is consistent with the notion that filing requirements are strictly construed and enforced in favor of remand. *Barger v. Bristol–Myers Squibb Company*, 1994 WL 69508, at *2 (D.Kan. Feb. 25, 1994) (No. 93–2485–JWL). It is not an onerous requirement that unfairly disadvantages defendants or that can be manipulated by the plaintiff. *Jarvis v. FHP of Utah, Inc.*, 874 F.Supp. 1253, 1255 (D.Utah 1995). District courts within the Third, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth and Eleventh Circuits have endorsed similar requirements. *See, e.g., Ogletree v. Barnes*, 851 F.Supp. 184, 188–190 (E.D.Pa.1994) (Third Circuit); *Martin Oil Co.*, 827 F.Supp. at 1238–39 (and citations therein) (Fourth Circuit); *Thompson v. Louisville Ladder Corp.*, 835 F.Supp. 336, 337 n. 3 (E.D.Tex.1993) (Fifth Circuit); *Knickerbocker v. Chrysler Corp.*, 728 F.Supp. 460, 461–62 (E.D.Mich.1990) (Sixth Circuit); *Fellhauer v. City of Geneva*, 673 F.Supp. 1445, 1447–48 (N.D.Ill. 1987) (Seventh Circuit); *Ford v. New United Motors, Mfg., Inc.*, 857 F.Supp. 707, 708 n. 3 (N.D.Cal.1994) (Ninth Circuit); *Jarvis v. FHP of*

*Utah, Inc.*, 874 F.Supp. at 1254–55 (Tenth Circuit); and *Knowles v. Hertz Equipment Rental Co.*, 657 F.Supp. 109, 110 (S.D.Fla.1987) (Eleventh Circuit).

3. "[T]he majority of published decisions have found that in multi-defendant actions, the thirty-day period for removal commences for all defendants when service is accomplished on the first-served defendant." *Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. at 709 (citations omitted); *see Faulk v. Superior Industries Intern., Inc.*, 851 F.Supp. 457, 458–59 (M.D.Fla.1994) (citations omitted); *D. Kirschner & Sons, Inc. v. Continental Cas. Co.*, 805 F.Supp. 479, 481 (E.D.Ky.1992); *see, e.g., Getty Oil, a Div. of Texaco, Inc.*, 841 F.2d at 1263; *Scialo v. Scala Packing Co.*, 821 F.Supp. 1276, 1277–78 (N.D.Ill.1993); *Greensmith Co., Inc. v. Com Systems, Inc.*, 796 F.Supp. 812, 814 (D.N.J.1992); *but see McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924, 927–28 (4th Cir.1992) (Permitted the eleventh defendant, who had been served less than a week before the initial thirty-day period expired, to join a notice of removal that was otherwise timely for the other ten defendants). The federal district courts in Kansas have followed this majority rule. *See, e.g., Martin Pet Products (U.S.) v. Lawrence*, 814 F.Supp. 56, 57 (D.Kan.1993) (Saffels, J.); *Wickham v. Omark Industries, Inc.*, 1993 WL 393012, at *3 (D.Kan. Sept. 28, 1993) (No. 92–2286–JWL) (Lungstrum,

the sake of argument that we start the thirty-day period from service on Ford, Holmes's consent still was not communicated to the court before the thirty-day period expired. Since Holmes did not timely give his consent to removal, the removal is procedurally defective and the case must be remanded to the District Court of Riley County, Kansas.

IT IS THEREFORE ORDERED that the plaintiff's motion to remand (Dk. 6) is granted, and the case is remanded to the District Court of Riley County, Kansas. The Clerk is directed to mail a certified copy of this order to the Clerk of the Riley County District Court.

J.); *Dick v. John Deere Insurance Co.*, 1992 WL 190622, at *2 (D.Kan. July 14, 1992) (No. 92–4076–R) (Rogers, J.); *Cohen v. Hoard*, 696 F.Supp. 564, 566 (D.Kan.1988) (Crow, J.). Consequently, if the thirty-day period expires without removal, a defendant served subsequent to the thirty-day period may not remove the action even with the consent of the defendants served earlier. *Brown v. Demco, Inc.*, 792 F.2d 478, 481–82 (5th Cir.1986); *Faulk*, 851 F.Supp. at 458 (and cases cited therein). If the original action could have been removed, amended claims or additional defendants do not create another opportunity for removal, unless the amended complaint gives rise to another basis for removal. *Wickham*, 1993 WL 393012, at *4; *First Nat. Bank & Trust Co. v. Nicholas*, 768 F.Supp. 788, 791 (D.Kan. 1991). Holmes could have removed the original action, but he let the thirty days pass without filing a notice of removal. The addition of Ford Motor Company did not provide a different basis for removal. The Fifth Circuit recognizes the possibility of "exceptional circumstances" where a later-joined defendant might be allowed to remove the action after the thirty-day period. *Brown v. Demco, Inc.*, 792 F.2d at 482. The defendants here do not argue or offer any such circumstances.