Howie E. WAKEFIELD,
et ux., Plaintiffs,

v.

Bernard OLCOTT d/b/a Blake and
Blair, et al., Defendants.

No. CIV. A. 97–2412–EEO.

United States District Court,
D. Kansas.

Oct. 29, 1997.

---

Keith W. Sprouse, Judge, Marysville, KS, Kurt D. Tilton, Smith & Tilton, P.C., Kansas City, MO, for Plaintiffs.

Bernard Olcott, Weehawken, NJ, pro se.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on the motion of plaintiffs Howard E. Wakefield and Genevieve C. Wakefield to remand this case to the District Court of Linn County, Kansas (Doc. # 4). Defendant Bernard Olcott d/b/a Blake and Blair ("Olcott") has responded, and opposes the motion. For the reasons stated below, we conclude that remand is appropriate.

On or about April 10, 1997, plaintiffs filed suit in the District Court of Linn County, Kansas. Plaintiffs' petition sought to terminate an oil and gas lease between plaintiffs and defendants Olcott and Jake Stewart d/b/a Stewart Operating ("Stewart"). Olcott subsequently filed a counterclaim. Both the petition and counterclaim seek damages "in excess of $10,000."

■ Stewart was served with a summons and a copy of the petition on or about May 7, 1997.[1] Plaintiffs' Exhibit A, Affidavit

---

1. Defendant Olcott states in his response to the motion to remand that "he will advise Jake Stewart and his wife to consult with their attorney to prepare Notarized Affidavits of Jake Stewart and his wife which establishes that Plaintiff's Process Server, Ned L. Hodge committed perjury in his Notarized AFFIDAVIT, see Exhibit A in this Plaintiff's Motion." Olcott's Response at 2. However, no such affidavit has been presented to the court. The court therefore, will accept Exhibit A as true, because the burden of proof rests with the party seeking to preserve removal.

of Plaintiffs' Process Server. Plaintiffs attempted to serve Olcott with summons and a copy of the petition on May 2, 1997; May 5, 1997; May 6, 1997; and May 7, 1997, by special process server. Plaintiff's Exhibit B, Affidavit of Due and Diligent Attempt to Serve Process.[2] After these unsuccessful attempts at service of process, Olcott was served with *summons* and a copy of the state court petition by certified mail on or about July 7, 1997, By agreement of the parties, Olcott was granted thirty days from July 23, 1997, within which to answer plaintiffs' petition.

On August 22, 1997, Olcott filed in this court a document seeking removal of the state case to federal court. In support, Olcott stated that "[a]ll defendants consent" to the removal of the state action to federal court.

The procedure for removal is stated in 28 U.S.C. § 1446, which provides, in pertinent part:

> (a) A defendant or defendants desiring to remove any civil action ... shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure ...
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based

The procedure and grounds for a challenge to removal are stated in 28 U.S.C. § 1447:

> (c) A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. ...

*McCain v. Cahoj*, 794 F.Supp. 1061, 1061 n. 1 (D.Kan.1992).

**2.** Olcott attempts to dispute this fact, by stating that "[a]t trial, he will produce his Notarized AFFIDAVIT that he was in his office on May 2, 5,

■ "[R]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Henderson v. Holmes*, 920 F.Supp. 1184, 1186 (D.Kan.1996) (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3rd Cir.1990)). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id.* (citing *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir.1993)). "The removing party has the burden to show that removal was properly accomplished." *Id.* (citing *Christian v. College Boulevard Nat. Bank*, 795 F.Supp. 370, 371 (D.Kan.1992)).

■ Plaintiffs contend that three distinct procedural defects render removal improper. The court will consider each of these three challenges in turn. First, plaintiffs argue that Olcott's removal is defective because it was not filed within thirty days of receipt of the initial pleading, as required pursuant to 28 U.S.C. § 1446(b). "[T]he majority of published decisions have found that in multi-defendant actions, the thirty-day period for removal commences for all defendants when service is accomplished on the first-served defendant." *Henderson*, 920 F.Supp. at 1187 n. 3 (citing *Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707, 709 (N.D.Cal.1994)). "The federal district courts in Kansas have followed this majority rule." *Id.* (citing, as examples, *Martin Pet Products v. Lawrence*, 814 F.Supp. 56, 57 (D.Kan.1993); *Wickham v. Omark Industries, Inc.*, 1993 WL 393012, at *3 (D.Kan.1993); *Dick v. John Deere Ins. Co.*, 1992 WL 190622 at *2 (D.Kan.1992); *Cohen v. Hoard*, 696 F.Supp. 564, 566 (D.Kan.1988)). See also *McShares, Inc. v. Donald D. Barry, Esq., et al.*, 979 F.Supp. 1338, 1343 n. 2 (D.Kan.1997).

Stewart was the first defendant to receive a copy of the initial pleading, when he was personally served with the summons and a copy of the petition on or about May 7, 1997.

6, and 7, 1997, from approximately 8 a.m. to 6 p.m. except for the usual lunch hour from approximately 12 noon to 1 p.m." Olcott's Response at 2.

Olcott received a copy of the initial pleading when he was served with the summons and a copy of the petition by certified mail on or about July 7, 1997. Accordingly, we find the time for removal of this action should have been within thirty days of service of the petition upon Stewart, thereby making the deadline for removal June 6, 1997. Even assuming that the thirty-day period should start from the date of service upon Olcott on July 7, 1997, the thirty-day deadline would have expired on August 6, 1997, well before Olcott filed his notice of removal on August 22, 1997. Thus, we conclude Olcott's removal was not timely under 28 U.S.C. § 1446(b), and the case should be remanded on this ground alone.

■■■ Plaintiffs further assert that Olcott's removal is defective because it was not properly joined by all defendants. The law is well settled that a notice for removal fails unless all defendants join it. *Henderson*, 920 F.Supp. at 1186 (citations omitted). "The failure to join all proper defendants renders the removal petition procedurally defective." *Id.* (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988); *Cohen v. Hoard*, 696 F.Supp. 564, 565 (D.Kan.1988)). The court in *Henderson* summarized the requirements for joining in a notice of removal as follows:

> "To 'join' a motion [or notice of removal] is to support it in writing...." This does not mean that all defendants must sign the same notice of removal. Each party must independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period. *It is simply not enough that the removing party in its notice of removal represents that the other defendants consent or do not object to removal.* "[O]ne defendant's attempt to speak on behalf of another defendant will not suffice."

*Id.* at 1186–87 (citations omitted and emphasis added).

In the notice of removal filed by Olcott, he informs the court that "[a]ll Defendants consent" to removal; however, there is no indication in the record that Stewart has independently and unambiguously filed a notice of his consent and intent to join in the removal. Olcott's representation that "all defendants consent" is inadequate to demonstrate Stewart's consent to removal. Consequently, the removal is defective and remand is warranted on this basis.

■■ As their final ground for remand, plaintiffs assert that the removal is defective because it violates the provisions of 28 U.S.C. § 1332(a). More specifically, plaintiffs observe that although Olcott's Notice of Removal recites that the dispute involves an amount in controversy in excess of $75,000, exclusive of interest and costs, the petition merely seeks damages "in excess of $10,000." Olcott premises federal jurisdiction upon 28 U.S.C. § 1332(a)(1), which provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States.

A court determines a defendant's right of removal by examining the record and the status of the pleadings at the time defendant filed its petition for removal. *Farm Bureau Mutual Ins. Co., Inc. v. Eighmy*, 849 F.Supp. 40, 42 (D.Kan.1994) (court must have jurisdiction both at the time the original action was filed in state court and at the time defendant sought removal); *Ruiz v. Farmers Ins. Co.*, 757 F.Supp. 1196, 1197 (D.Kan. 1991). When federal subject matter jurisdiction is based on diversity and amount in controversy, the amount in controversy must be determined from an examination of the complaint at the time it was filed. *Iowa Lamb Corp. v. Kalene Industries, Inc.*, 871 F.Supp. 1149, 1155 (N.D.Iowa 1994). On the face of the state court petition, it is clear that the amount in controversy alleged is insufficient to support federal court jurisdiction. Because there was no federal subject matter jurisdiction at the time Olcott removed this matter, the federal court does not have removal jurisdiction. 28 U.S.C. § 1441(a). Thus, remand is appropriate on this basis as well.

■■ Plaintiffs request their attorneys' fees and costs associated with defendant Olcott's improper removal. An order granting

a motion to remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Prior to its amendment in 1988, section 1447(c) simply authorized payment of "just costs" when a case had been "removed improvidently and without jurisdiction." *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir.), *cert. denied*, 511 U.S. 1082, 114 S.Ct. 1832, 128 L.Ed.2d 461 (1994). The statute was amended to remove the requirement that the case be removed improvidently and to add authority for an award of attorney's fees. Id. These revisions "have been interpreted to negate any requirement that the removal be in bad faith before fees can be awarded." *Id.*

The court, in its discretion, finds that defendant Olcott should pay plaintiffs' costs and attorneys' fees incurred in obtaining this remand order. Plaintiffs are directed to serve and file an itemized statement of their attorneys' fees and expenses within ten (10) days of the date of this order; defendant is granted ten (10) days thereafter to file any objections. The court will then review the filings to determine what constitutes a proper award.

IT IS THEREFORE ORDERED that plaintiffs' motion to remand (Doc. # 4) is granted. This case is hereby remanded to the District Court of Linn County, Kansas.

IT IS FURTHER ORDERED that plaintiffs' request for recovery of their costs and attorneys' fees associated with obtaining this remand order is granted.