Steven F. MILLER, Plaintiff,

v.

FIRST SECURITY INVESTMENTS, INC.
and Carl Lanzisera, Defendants.

No. CV 98–1359(ADS).

United States District Court,
E.D. New York.

Dec. 11, 1998.

Hoffman, Hubert, and Hoffman, LLP, Syracuse, NY (Terrance J. Hoffman, of counsel), for Plaintiff.

Carl Lanzisera, Huntington Station, NY, pro se.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is the opposition to the Report and Recommendation of the Honorable Arlene Rosario Lindsay, United States Magistrate Judge, by the *pro se* defendant Carl Lanzisera ("Lanzisera" or the "defendant"). Also before the Court are Lanzisera's motions seeking discovery and for Rule 11 sanctions against Terrance J. Hoffman, Esq., the attorney for the plaintiff Steven Miller ("Miller" or the "plaintiff").

The Report and Recommendation concluded that the Court lacks federal jurisdiction and that the matter should be remanded to the New York Supreme Court, Onondaga County for further proceedings.

### I. BACKGROUND

On November 7, 1991, Miller obtained a default judgment against Lanzisera in Supreme Court, Onondaga County. The amount of the judgment, including costs and interest, was $24,144.93.

On January 8, 1998, Miller commenced a special proceeding in Onondaga County, by way of a notice of petition seeking garnishment of Mr. Lanzisera's wages by naming Lanzisera's employer First Security Investments, Inc. ("First Security") as the defendant garnishee. On February 26, 1998, Lanzisera filed a notice of removal to this Court. In response, on March 19, 1998 Miller moved the Court, pursuant to 28 U.S.C. § 1447(c), to remand this matter to the New York State Supreme Court, Onondaga County. On October 13, 1998, Judge Lindsay's Report and Recommendation found that because Lanzisera never moved to vacate the default judgment or otherwise exhaust other state remedies, no basis for federal jurisdiction existed, thus warranting remand to the Supreme Court, Onondaga County On October 27,

1998, Lanzisera filed an objection to the Report and Recommendation.

### II. DISCUSSION

*A. Standard of review*

#### 1. Self representation

In addressing Lanzisera's objection to the Report and Recommendation, the Court is mindful that he is proceeding *pro se* and that his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 [1972] ); *Fleming v. United States,* 146 F.3d 88, 90 (2d Cir.1998) (citations omitted). The Court recognizes that it must make reasonable allowances so that a *pro se* litigant does not forfeit his rights by virtue of his lack of legal training. *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983). However, the Court is also aware that being a *pro se* litigant "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Id.* (quoting *Birl v. Estelle,* 660 F.2d 592, 593th Cir.1981] ).

#### 2. Review of Report and Recommendation

28 U.S.C. § 636(b)(1)(B) provides that upon timely objection to recommendations by a magistrate judge:

[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or remit the matter to the magistrate with instructions.

28 U.S.C. § 636(b)(1)(B). The Second Circuit has stated that, "the statutory language of section 636(b)(1)(B) affords the district court broad latitude in considering the magistrate's recommendation." *Grassia v. Scully,* 892 F.2d 16, 19 (2d Cir.1989). Furthermore, the degree of deference given to a

magistrate's Report and Recommendations is discretionary. *Id.*

Guided by these standards, the Court has conducted a *de novo* review of the defendants' objections.

## B. *Defective Removal*

■ When removing a case from state to federal court pursuant to 28 U .S.C. § 1446, defendants are required to file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). "Subsection 1447(c) authorizes a remand on the basis of any defect in removal procedure or because the district court lacks subject matter jurisdiction." *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 72 (2d Cir.1994) (internal quotations and citations omitted).

■ It is well established that "[r]emoval jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *In re NASDAQ Market Makers Antitrust Litigation,* 929 F.Supp. 174, 178 (S.D.N.Y.1996) (citing *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 [1941] ) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined."); *State of New York v. Lutheran Center for the Aging, Inc.,* 957 F.Supp. 393, 397 (E.D.N.Y.1997) ("Removal statutes are to be strictly construed[.]"). Thus, "all doubts should be resolved in favor of remand." *Leslie v. BancTec Service Corp.,* 928 F.Supp. 341, 347 (S.D.N.Y.1996) (internal quotations and citations omitted). "[T]he burden is on the removing party to prove that it has met the requirements for removal." *Avon Products, Inc. v. A/J Partnership,* 89 Civ. 3743/8032, 1990 WL 422416, at *1 (S.D.N.Y. March 1, 1990); *State of New York v. Lutheran Center for the Aging,* 957 F.Supp. 393, 397; *NASDAQ Market Makers,* 929 F.Supp. at 178; *Fisher v. Building Ser-*

*vices,* 96 Civ. 4317, 1997 WL 590843, *2 (S.D.N.Y. Sept.22, 1997).

■ Although there is no express statutory requirement for joinder or consent by co-defendants, there is widespread agreement among the district courts, including those in the Second Circuit, that "all named [defendants] over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper." *Still v. DeBuono,* 927 F.Supp. 125, 129 (S.D.N.Y.1996), *aff'd. on other grounds,* 101 F.3d 888 (2d Cir.1996); *see also Norman v. Cuomo,* 796 F.Supp. 654, 657 (N.D.N.Y.1992). This is commonly referred to as the "rule of unanimity." *See, e.g., Weimer v. City of Johnstown, N.Y.,* 931 F.Supp. 985, 990 (N.D.N.Y.1996); *Garside by Garside v. Osco Drug, Inc.,* 702 F.Supp. 19, 21 (D.Mass.1988) ("The rule of unanimity gives each defendant an absolute veto over removal."); *Spillers v. C.R. Tillman,* 959 F.Supp. 364, 1997 WL 128532, at *3 (S.D.Miss.1997) ("There is no express statutory requirement for joinder or consent by co-defendants; however, the case law firmly establishes this requirement, which is known as the rule of unanimity.").

■ The rule of unanimity "advances the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor of remand." *Ogletree v. Barnes,* 851 F.Supp. 184, 187 (E.D.Pa.1994) (internal quotations and citations omitted). Thus, "it is ... well settled in this jurisdiction that all defendants must join a removal petition or else the petition is defective and the case must be remanded." *Codapro Corp. v. Wilson,* 997 F.Supp. 322, 325 (E.D.N.Y.1998) (quoting *Forum Insurance Company v. Texarkoma Crude and Gas Co.,* 92 Civ. 8602, 1993 WL 228023, at *2 [S.D.N.Y. June 22, 1993]; *Green v. National Association of Professionals and Executives,* 92 Civ. 0424, 1992 WL 212348, at *2 [S.D.N.Y. Aug. 21, 1992] ["As a general rule, the consent of all defendants in a multiparty case is a 'precondition' to removal."] ).

■ "While courts generally do not require all defendants to sign the removal petition itself, most courts have required

some form of unambiguous written evidence of consent to the court in timely fashion." *Michaels v. State of New Jersey,* No. 96–3557, 955 F.Supp. 315, 1996 WL 787613, at *5 (D.N.J. Nov.8, 1996) (citations omitted). Specifically, "[e]ach [defendant] must independently and unambiguously file notice of [ ] consent and [ ] intent to join in the removal ...." *Henderson v. Holmes,* 920 F.Supp. 1184, 1187 (D.Kan.1996). Accordingly, "there must be some timely filed written indication from each defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil, Div. of Texaco, Inc. v. Ins. Co. of North Am.,* 841 F.2d 1254, 1262 n. 11 (5th Cir.1988). This "serves the policy of insuring the unanimity necessary for removal." *Henderson,* 920 F.Supp. at 1187 n. 2 (citation omitted). In addition, mandating written consent to remove "is consistent with the notion that filing requirements are strictly construed and enforced in favor of remand." *Id.* (citations omitted). Furthermore, written consent to remove by each defendant prevents one defendant from choosing a forum for all. *Production Stamping Corp. v. Maryland Cas. Co.,* 829 F.Supp. 1074, 1076 (E.D.Wis.1993) (citation omitted).

Therefore, due to Lanzisera's failure to obtain First Security's approval for removing the proceeding to federal court, and because Lanzisera has not exhausted his state law remedies, including a motion to vacate the default judgment, the Court agrees with Judge Lindsay's Report and Recommendation that this Court lacks jurisdiction

### C. *Lanzisera's Request for Discovery and Rule 11 Sanctions*

As the Court has determined that it lacks jurisdiction over the garnishment proceedings, it follows that Lanzisera's request for discovery must be denied.

In addition, the Court finds no persuasive evidence in support of Lanzisera's motion for Rule 11 sanctions against Terrance J. Hoffman, Esq., which is also denied.

### III.   CONCLUSION

Having reviewed Lanzisera's objection to the Report and Recommendation and his motion for Discovery and Rule 11 sanctions, it is hereby

**ORDERED,** that the defendant's objection to the Report and Recommendation, is **DENIED;** it is further

**ORDERED,** that Lanzisera's request for discovery is **DENIED;** it is further

**ORDERED,** that Lanzisera's request for Rule 11 sanctions against Terrance J. Hoffman, Esq., is **DENIED;** it is further

**ORDERED,** that this matter is remanded to Supreme Court, Onondaga County, for further proceedings; it is further

**ORDERED,** that the Clerk of the Court close this case

**SO ORDERED.**