**In re ADOPTION OF BABY C, a minor child.**

**No. 04–4044–SAC.**

United States District Court, D. Kansas.

June 10, 2004.

---

Baby C., Bret David Landrith, Topeka, KS, pro se.

Austin K. Vincent, Topeka, KS, for Plaintiff.

Rosemary Denise Price, Topeka, KS, pro se.

David M. Price, Topeka, KS, pro se.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

On May 5, 2004, Rosemary D. Price and David Martin Price appearing *pro se* filed a notice of removal seeking to remove two cases, Nos. 01–A–48 and 04–A–3, from the District Court of Shawnee County, Kansas, and one case, No. 03–90035–A, from the Kansas Court of Appeals. (Dk.1). The notice alleges federal jurisdiction on the basis of numerous federal criminal and civil rights statutes, various federal constitutional provisions, and Kansas statutes. The notice concludes that removal jurisdiction exists under 28 U.S.C. § 1441(b). A motion to dismiss for lack of jurisdiction (Dk.2) has been filed by the adoptive parents of Baby C who are the petitioners in the Shawnee County District Court case No. 01–A–48 and the appellees in the Kansas Court of Appeals case No. 03–90035–A. Rosemary and David Price oppose the motion by seeking to strike the motion to dismiss on various procedural grounds. (Dk.4). The Prices also have requested leave to file a complaint in this case. (Dk.5).

## PROCEDURAL BACKGROUND

From the different pleadings and state court decisions attached to the notice of removal, the court understands the following. The adoptive parents filed a petition for the adoption of Baby C in Shawnee County District Court which was assigned the case number of 01–1–48. The biological mother consented to the adoption. The petition named David Price as the biological father and indicated that if his consent was not obtained then a petition to terminate rights would be filed. In May of 2001, the adoptive parents petitioned to sever the father's parental rights to Baby C. On June 22, 2001, the district court severed the parental rights and entered an adoption decree after David Price failed to appear at the hearing. Later that day, David Price talked with the district court

judge and explained his absence. The district court appointed counsel for David Price who successfully moved to have the termination order and adoption decree set aside. After conducting an evidentiary hearing over the course of two days, the district court entered an order terminating David Price's parental rights to Baby C and later denied Mr. Price's motion to reconsider. David Price then appealed to the Kansas Court of Appeals which affirmed the district court's termination order in a decision issued in the case No. 03–90035–A. Mr. Price next petitioned for review by the Kansas Supreme Court, and his petition was denied by order filed March 30, 2004. From the state court pleadings attached to the motion to dismiss filed in the instant case, the court further understands that Shawnee County Court case No. 04–A–3 is an action initiated by David Price's wife, Rosemary Price, by a "petition for step parent adoption."

## REMOVAL JURISDICTION

■ This is a court of limited jurisdiction and must refrain from exercising jurisdiction unless certain that such jurisdiction has been granted by Congress. *See Adams v. Reliance Standard Life Ins. Co.,* 225 F.3d 1179, 1182 (10th Cir.2000) ("In light of the limited subject matter jurisdiction granted to the federal courts by Congress, we have a duty to satisfy ourselves that jurisdiction is appropriate."). The removing defendant carries the burden of demonstrating that removal was proper and that the federal court has original jurisdiction. *See McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). Federal removal jurisdiction is statutory in nature, and the governing statutes are to be strictly construed. *Shamrock Oil & Gas v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *see Merrell Dow*

*Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 814, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). It is well-settled that the presumption is "against removal jurisdiction." *Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1289(10th Cir.2001) (citation omitted). Doubtful cases must be resolved in favor of remand. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.), *cert. denied,* 516 U.S. 863, 116 S.Ct. 174, 133 L.Ed.2d 114 (1995).

■ A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The notice of removal here purports to assert that federal court jurisdiction exists by reasons of a claim or right arising under the Constitution, laws, or treaties of the United States. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). When the assertion of removal jurisdiction is based on federal question, the court generally relies on the "well-pleaded complaint rule," that is, an action arises under federal law "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (citation omitted). In determining whether a "federal question" exists to justify removal jurisdiction, a court must look solely at the plaintiff's complaint rather than to any subsequent pleading or the notice for removal. *Mountain Fuel Supply Co. v. Johnson,* 586 F.2d 1375, 1380 (10th Cir.1978), *cert. denied,* 441 U.S. 952, 99 S.Ct. 2182, 60 L.Ed.2d 1058 (1979).

Section 1443 provides in relevant part:
Any of the following civil actions ..., commenced in a State court may be removed by the defendant to the district court of the United States
...:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or all persona within the jurisdiction thereof....

Section 1443(1) removal petitions must meet a two-part test. *People of State of Colorado v. Lopez,* 919 F.2d 131, 132 (10th Cir.1990). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." *Johnson v. Mississippi,* 421 U.S. 213, 219, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975) (quotation and citation omitted). "Second, it must appear in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Id.* (quotation and citation omitted).

■ Being a creature of statute, removal comes with certain procedures and requirements that are mandatory by nature. *Henderson v. Holmes,* 920 F.Supp. 1184, 1186 (D.Kan.1996) (and cases cited therein). By statute, the notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). The thirty-day time limitation is not a jurisdictional requirement, but it is a procedural requirement that is strictly enforced. *Henderson v. Holmes,* 920 F.Supp. at 1187.

## ANALYSIS

■ Applying the law stated above, the court remands these cases on several grounds. First, the Prices have not shown compliance with the time limitations for removal. In their notice of removal, the Prices allege they filed their notice within

thirty days of their receipt of the summons and petition. (Dk.1, ¶ 6). The pleadings attached to their notice, however, do not sustain this allegation but rather show no compliance with the 30–day time requirement. Second, even though the Prices have not attached the actual complaints or petitions filed in the state courts, the court understands the substance of what was alleged in those pleadings and concludes that they contain no questions arising under federal law. Removal cannot be predicated on allegations contained in the defendants' proposed counterclaims. Cases originally brought in state court may not be removed to federal court even if a federal defense is anticipated in the plaintiff's complaint, and "even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams,* 482 U.S. at 393, 107 S.Ct. 2425. As for any other pleadings later filed in those cases, there are none attached in the notice nor referenced therein that show the cases became removable on federal question grounds within one year after the cases were commenced. 28 U.S.C. § 1446(b). Third, the defendants' notice of removal plainly does not satisfy the requirements for removal of a civil rights case under § 1443. The defendants do not allege that the claims in those cases implicate specific civil rights protecting racial equality or that such rights were denied or cannot be enforced in state court.

Having no jurisdiction over these cases, the court will not address any other pending matters or arguments. The court in ordering remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Such an award is committed to the wide discretion of the district court and does not depend on any finding that the removal was in bad faith. *Daleske v. Fairfield Communities, Inc.,* 17 F.3d 321, 324–25 (10th Cir.), *cert. denied,* 511 U.S. 1082, 114 S.Ct. 1832, 128 L.Ed.2d 461 (1994). The propriety of removal is the central issue in deciding whether to allow expenses and costs. *Id.* The court will require the removing parties, David and Rosemary Price, to pay $1,000[1] to the adoptive parents for their attorney's fees and costs expended in defending this frivolous removal litigation.

IT IS THEREFORE ORDERED that cases, Nos. 01–A–48 and 04–A–3, from the District Court of Shawnee County, Kansas, and case, No. 03–90035–A, from the Kansas Court of Appeals, are remanded, and the Clerk of the Court is directed to mail certified copies of this order of remand to the respective clerks of these state courts.

IT IS FURTHER ORDERED that Rosemary D. Price and David Martin Price are ordered to pay $1,000 to the adoptive parents pursuant to 28 U.S.C. § 1447(c) through their attorney, Austin K. Vincent.

---

1. The court believes this sum is less than the actual expenses and costs incurred by the adoptive parents in challenging federal jurisdiction over these removed cases. Nonetheless, the court is satisfied that the award of $1,000 is fair and reasonable in light of the *pro se* status of the removing parties.